THE HOUSTON & TEXAS CENTRAL RAILWAY COMPANY V. MARIA VAN ALSTYNE, EXECUTRIX.

(Case No. 1177.)

1. SALE OF STOCK — SURRENDER OF ORIGINAL CERTIFICATE — EFFECT OF.— After a sale of stock in a railroad company by the owner to whom the certificate had issued, the sale being evidenced by assignment and delivery of the certificate, and after the purchaser had surrendered said certificate to the company and received in lieu thereof a certificate in his own name, the transaction being properly evidenced on the books of the corporation, the original certificate and the rights of the original owner were extinguished, so that a

subsequent assignment of said stock by said original owner to another party would pass no right or title thereto.

2. NEW CERTIFICATE ISSUED TO SECOND ASSIGNEE.— If by mistake a new certificate of stock has also issued to the second assignee, he not being a purchaser for value and without notice, will not be entitled to the rights of an owner of stock.

3. SAME — FIRST PURCHASER SECRETARY AT THE TIME.— It seems that this is so, although the first purchaser was the secretary of the company, and as such by mistake issued the certificate to the second assignee.

4. SAME — SECOND ASSIGNEE A DIRECTOR — KNOWLEDGE.— The second assignee, being a director of the company and in a position to know its affairs, cannot avail himself of the mistake.

5. SPECIFIC PERFORMANCE — SUBSTITUTION OF CERTIFICATES.— The railroad company had resolved to increase its stock eight-fold, by substituting for the original certificates new certificates on the basis of eight for one; held, that a suit by the second assignee to enforce his right to these new certificates was substantially a suit for specific performance.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Appellee instituted this suit in September, 1879, to recover of defendant forty shares of its capital stock or their value in money.

It was agreed that prior to 1861 defendant had issued a certificate for five shares of stock to one L. L. Bartlett, and that the plaintiff claimed through an assignment of that stock in 1866 to her testator by Bartlett, and she alleged, and it was admitted as true, that afterwards, in 1866, her testator presented the assignment to defendant's board of directors, and that they issued to him, as assignee of Bartlett, a certificate for said five shares, which the plaintiff "now holds."

It was further alleged and admitted as true, that since then the defendant, by proper action, has determined to issue to each of its stockholders eight shares of new stock in its company for each share previously issued, which entitled plaintiff to forty shares of the new or present capital stock in defendant's company in lieu of the five

shares issued to her testator as assignee of Bartlett, if in law she is entitled to recover anything on account of the Bartlett stock.

The defendant alleged that Bartlett assigned the same stock to Wm. R. Baker in 1861, of which the plaintiff's testator had notice. That in 1861 Baker presented the assignment and surrendered the certificate issued to Bartlett to defendant's officers, and they issued to him as assignee of Bartlett a certificate for said five shares, which he still held, and then averred that plaintiff's testator was a director in defendant's company at the time he took the assignment from Bartlett; and that he fraudulently procured said officers to issue the certificate through which the plaintiff claimed, and the same was issued in mistake; wherefore plaintiff was not entitled to forty shares of new stock in place of the five shares of Bartlett stock.

It was also proved that the transfer from Bartlett to Baker was among the records of the company; that Van Alstyne was a director in the railroad company from 1860 to 1867, and during that time his place of business was in the general office of the company and he had access to the records of the office; that Baker was secretary of the company in 1866, when the certificate for the Bartlett five shares was issued to Van Alstyne; that the issuance to the latter was an oversight on his (Baker's) part; and that he did not remember having previously bought the stock.

For the plaintiff it was admitted that she was executrix of William A. Van Alstyne; that Bartlett assigned his five shares to her testator in 1866; that in that year defendant's officers issued to him on that assignment, as assignee of Bartlett, a certificate for said five shares, and that William R. Baker was a director and the secretary of defendant at the time, and that said shares were worth, at the trial, the amount at which the court esti-

mated them in its judgment, to wit, fifty-two dollars per share of $100 each.

It was proven that plaintiff's testator was a director in defendant's company during all of 1866, and was familiar as any one with defendant's business and papers, having his desk in general office of defendant. That Bartlett never owned but five shares of stock in defendant's company, and that he assigned them to William R. Baker and delivered him the certificate therefor in 1861; that Baker, in the same year, presented said assignment to defendant's proper officers, and delivered to them the certificate originally issued to Bartlett, and that the said officers then issued and delivered to him as assignee of Bartlett a certificate for said five shares, which is still outstanding and claimed by him or his assignee; that the certificate which was issued to plaintiff's testator was issued in mistake, in that he, the officer issuing same, did not remember at the time it was issued that one had been issued previously to him, Baker, and if he had known it or thought of it at the time, the one to Van Alstyne would not have been issued.

It was agreed that forty shares of the stock for which judgment was rendered in this case was in lieu of the five shares originally issued to Bartlett.

It was agreed that the issue in this case only extended to the Bartlett stock.

A. S. Richardson testified: I am now secretary of defendant, and as such have in my possession the books and records of Houston & Texas Central Railway Company. The stock book of said company shows that on the 1st day of April, 1861, a certificate for five shares of the capital stock of defendant was issued to one L. L. Bartlett. (This certificate was then introduced in evidence.) I find among the transfer papers a written transfer from L. L. Bartlett to Wm. A. Van Alstyne, of date 2d March, 1866. (The transfer was then read in evidence.) The stock

books show that on the 27th of March, 1866, defendant issued to W. A. Van Alstyne, by virtue of this transfer, a certificate for said five shares of stock. (The certificate was then read.)

Plaintiff also proved that for the West, Mugg, Anderson and Mayes stock, certificates issued as alleged in plaintiff's petition.

Plaintiff also proved that in the year 1874 defendant, by its board of directors, by resolution, authorized an increase of its stock eight-fold, and provided therein for an exchange and substitution of the original shares for the new certificates, on the basis of eight new certificates or shares of its stock for one of its old or original certificates or shares.

It was admitted that the new stock, at the time of trial, was worth $52 per share.

A. S. Richardson again testified: As stated before, I am now secretary of defendant. The only stock ever issued to Bartlett was the certificate for five shares, of date April 1, 1861. I find among the records a transfer from L. L. Bartlett to W. R. Baker, of date April, 1861. (The transfer was then read in evidence.) The stock book shows that by virtue of this transfer a certificate for five shares of stock was issued to said Baker. Baker was the recognized owner of the stock until 1877, when he sold the same to Charles Morgan. (The certificate to Baker for said five shares was then read in evidence.) Van Alstyne was a director in defendant's company from 1856 to the date of his death in 1867.

W. R. Baker testified: I bought the L. L. Bartlett five shares of stock in April, 1861, and he transferred the same to me by written transfer, which I deposited with the defendant at that time — that is, in the office of the secretary — together with the original certificate that had been issued to Bartlett. The certificate to Bartlett was then canceled and a new certificate for said five shares

was issued to me; that from 1860 to 1867 W. A. Van Alstyne was a director in defendant's company, and during that time his place of business was in the general office of defendant, where the books and papers of the company were on file. That the transfer of Bartlett to Baker was on file in the office of the secretary at the date of the issuance of the stock to Van Alstyne, and that he (Van Alstyne) had access to the records of the office, and there was no one more familiar with the records. That I (the witness) was secretary of defendant in 1866, when the certificate for the Bartlett five shares was issued to Van Alstyne, and I issued the certificate at Van Alstyne's request, not remembering that I had previously bought the stock. It was an oversight on my part, and would not have been made if I had remembered that Bartlett had previously transferred the stock. Afterwards I called Van Alstyne's attention to the fact that I had a prior transfer from Bartlett, and he (Van Alstyne) said: "Well, I reckon you have the better title." The witness was secretary of the defendant company at time of issue of Bartlett stock to him, and also at the time certificate of said stock was issued to Van Alstyne, and in issuing said stock was acting within the scope of his authority.

The cause was submitted to the court without a jury. Judgment for the plaintiff, decreeing that plaintiff recover of the defendant the new stock sued for, to be issued to plaintiff within twenty days from date of judgment, and on failure to do so that plaintiff recover the value of said stock as proven on the trial.

The defendant assigned the following as grounds of error:

"The court erred in rendering judgment in favor of the plaintiff for forty shares of defendant's capital stock in place of the five shares originally issued to L. L. Bartlett, because the proof shows that Bartlett assigned this

same stock to W. R. Baker in 1861, who presented the certificate of stock issued to Bartlett with Bartlett's assignment to him, when the certificate issued to Bartlett was canceled and a new one issued to Baker in 1861, which he has ever since held; and the proof shows further that afterwards, in 1866, Bartlett assigned the same stock again to plaintiff's testator while he was a director in defendant's company, familiar with its affairs, and that he procured a certificate to be issued to him for the Bartlett five shares, and that this certificate was issued in mistake of the fact that one had previously issued to Baker, and the one to Van Alstyne would not have issued if the board of directors had remembered at the time that one had previously issued to Baker on an older assignment and surrender of the original certificate."

*Baker & Botts*, for appellant.

*E. P. Turner*, for appellee.

I. This is not a contest between Van Alstyne and Baker as to the ownership of the Bartlett stock. Hence, if appellant's propositions be true, they are not applicable, nor are the authorities thereunder applicable to the facts of this case. Field on Corp., p. 128, sec. 112; Potter on Corp., p. 333, sec. 260; Bayard *v.* F. & M. R. R. Co., 52 Penn. St., 232; Halbrook *v.* New Jersey Zinc Co., 57 N. Y., 621; Kortright *v.* Commercial Bank of Buffalo, 20 Wend., 91; Isham *v.* Buckingham, 49 N. Y., 217 and cases cited; McNeil *v.* Tenth National Bank, 46 N. Y., 325; Pollock *v.* National Bank, 7 N. Y., 278; Saulsbury Mills *v.* Towsend, 109 Mass., 115; Dallin *v.* Mid. R. R. Co., 22 Eng. L. & E., 452.

II. The allegations of the answer and the proof must correspond.

III. Even if it be regarded as issued under mistake, we submit that where the means of inquiry are equally open to both parties, if a mistake occur without any fraud or

falsehood, no relief can be granted. Kerr on Fraud and Mistake, pp. 407 (n) and 405; Daniel *v.* Mitchell, 1 Story, 172; Warner *v.* Daniels, 1 Wood & Min., 90; Hill *v.* Bush, 19 Ark., 522; Jouzin *v.* Toulmin, 9 Ala., 662.

IV. This is not a suit for specific performance, and appellant cannot plead mistake as a bar to the action.

V. Should it be considered by the court that there is a suit for specific performance, and mistake would be a bar, the allegations in the answer do not set up mistake, and are utterly insufficient as a bar to this action.

VI. If the certificate was issued to Van Alstyne by mistake on the part of the appellant, and the allegations of mistake in the answer are sufficient, the issuance is clearly due to gross negligence on part of appellant, and is not such a mistake as could be relieved against. Kerr on Fraud and Mistake, p. 406; Bigelow on Estoppel, p. 552.

WALKER, P. J. COM. APP.— The character of this suit is to enforce specific performance of a contract made under a mistake of fact as to the essential elements and considerations which entered into it. The proper determination of the issues between the parties rests upon the inquiry whether the transaction between Van Alstyne and the proper officers, representing the defendant, which resulted in issuing to him, as the assignee of Bartlett, a certificate of five shares of stock, was in law or equity one which constituted him a *bona fide* stockholder; one entitled to receive dividends with other stockholders of the corporation; a stockholder entitled to demand and have the benefit of the resolution of the directors of the defendant, entitling each of its stockholders to eight shares of new stock in its company for each share previously issued.

Van Alstyne, when he applied for and obtained the certificate on which he relies in this suit for five shares ·

of stock, does not pretend to acquire or hold the same as the assignee of any certificate for stock hitherto issued to Bartlett; but whatever rights he pretended to claim under Bartlett were asserted to exist under an *assignment of said Bartlett's stock.*

Bartlett's certificate of stock had long before the said assignment ceased to exist. It had been delivered to Baker as the assignee thereof, and by Baker surrendered to the defendant, receiving in lieu thereof certificates for the five shares of stock, which transaction was properly evidenced by the books of the corporation, through appropriate entries made thereof. Van Alstyne therefore took no legal title whatever to any interest or right of Bartlett to said five shares of stock, so far as any transfer from Bartlett to Van Alstyne was concerned, after the transactions which have been recited under his transfer to Baker transpired, culminating in the utter extinction of Bartlett's certificate, and of all right of Bartlett, legal and equitable, as shown by the surrender of stock referred to, and its replacement by an original and independent certificate issued to Baker instead. It was the same, when Bartlett made his assignment to Van Alstyne, as though he had never been in any wise connected with said five shares of stock.

Clearly, Van Alstyne acquiring no *legal* title under Bartlett's assignment to him, his right, or rather the right of his heirs or estate, to enforce the rights claimed in this suit against the defendant must depend upon such equities, as against the defendant, as can be shown to exist under the facts of this case.

The rules of law or equity applicable to this case are not complicated with questions as to the relative rights of Baker and of Van Alstyne under their respective assignments, nor with any question as to what might be the rights of a third person who had purchased from Van Alstyne, without notice as to the facts, *bona fide,* and for

a valuable consideration. The case which is before us presents the question whether, as between the original parties to the assignment made to Van Alstyne, he is entitled to enforce specifically the contract which entitled him, *prima facie*, on the face of the certificate which was issued to him, to the benefits pertaining thereto.

No ground of equitable relief, in behalf of the plaintiff, seems to be relied upon by either allegation in the plaintiff's pleadings, nor does the same appear in the statement of facts, nor by the case agreed upon. It is not pretended by the plaintiff that Van Alstyne procured the assignment upon which he relies, under inducements or representations held out or made to him by the defendant or its officers; nor is it alleged that he was ignorant in fact of the status of Bartlett's right at the time of his procurement of the assignment from him (Bartlett); nor is there any charge of any concealment or suppression of evidence as to the condition of the Bartlett stock, or the certificate therefor; nor is it alleged that Van Alstyne was ignorant of any of these material facts, or that he made inquiries concerning the same, or that he would have been unable to ascertain the facts by duly making inquiry concerning them. It is not alleged, nor shown by proof, that Van Alstyne was a purchaser of Bartlett's right to five shares of stock, for a valuable consideration, in good faith and without notice. And on the other hand, Van Alstyne is shown by the evidence to have occupied a position of trust towards the defendant — being one of the directors of defendant, — which relation charged him with the duty of advising himself concerning the interest and affairs of the stockholders of said railroad company; and the evidence disclosed the fact that he was expert, and well informed concerning the stock books and stock transactions relating to the defendant. "When the means of inquiry are equally open to both parties, if a mistake occur without any fraud or falsehood, no relief can be granted

on account of the mistake alone." Daniel *v.* Mitchell, 1 Story, 172; Warner *v.* Daniel, 1 Wood & Min., 90; Hill *v.* Bush, 19 Ark., 522; Jouzin *v.* Toulmin, 9 Ala., 662. Equity will not favor and aid a party thus situated, in his acts of negligence or carelessness, where he seeks to make either available as the basis whereby to obtain and assert an interest adverse to that of his *cestui qui trust.* His relation bound him to care and vigilance in behalf of the defendant and the interest of the stockholders, if he went into the market as a dealer in its securities; and he was bound besides to the utmost good faith towards the corporation whose interest he represented. Van Alstyne is shown to have occupied a position and a relation to the facts, as well as to all the parties concerned, as to preclude him from asserting a right to be protected against a mistake in which he was to profit so largely. "Though a court of equity will relieve against mistake, it will not assist a man whose condition is attributable only to that want of due diligence which may be fairly expected from a reasonable person." Kerr on Fraud and Mistake, p. 407 and note and authorities cited.

The brief of counsel for appellee disclaims that this is a suit for specific performance; but it certainly seems to be nothing less than an effort by the plaintiff, in effect, to enforce specifically the obligation which, it is alleged, arose and exists under and by virtue of the evidence, which the certificate for stock issued to Van Alstyne, to require the issuance of additional certificates in the ratio of eight for one to said Van Alstyne, and in default thereof to compensate the plaintiff in damages to the amount of the value of all such evidences of plaintiff's rights to dividends.

As the plaintiff's case is not rested upon equities which might entitle her to a specific performance, the discussion and application of principles of law applicable to such remedy is wholly superfluous. Evidently the rules ap-

plicable to relief upon equitable grounds find nothing in the facts of this case suggestive of their application.

The mistake of fact which is so clearly admitted by the parties possesses a two-fold force; in equity it constitutes a full answer to the plaintiff's case in respect to her alternative claim for damages in case specific enforcement of the contract be denied to her by the court; and, as we have endeavored in this opinion to show, the alleged mistake is not connected with any equity which the plaintiff's testator could assert.

The plaintiff's case is made to depend upon the intrinsic value of a certificate for stock issued under a clear mistake of fact on the solicitation of the plaintiff's testator, who was a director of the corporation, the stock of which he was endeavoring to acquire; whose interest he was charged by his official duty to protect; and the plaintiff failing to show any fraud used to his disadvantage, or any mistake which he might not have guarded against, and failing to show besides either ignorance in fact, surprise, or that he was a *bona fide* purchaser for a valuable consideration without notice, we perceive no reason, and acting on principles and maxims of law the most elementary, to hesitate to say that the judgment rendered for the plaintiff below was erroneous, and that the evidence in the case warranted a judgment for the defendant.

Wherefore we conclude that the proper disposition of this appeal is that the judgment below be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.