### LUTCHER et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 17, 1896.)

No. 394.

DEPOSITIONS—INFORMAL PAPERS.

. A statement of fact in writing, without date or venue, purporting to be signed by a witness, but giving neither his age nor residence, not shown to have been made under oath or after waiver of oath, or to have been

---

[1] Not reported.

taken on notice or in the presence of the parties or before any official authorized to administer oaths, and which is not accompanied by any certificate of a competent official from which compliance with any of the requisites for taking depositions can be inferred, is not a deposition, and cannot be read in evidence even under an agreement that neither party will take any objection "to the form of taking testimony * * * by the other de bene esse, under sections 863, 864, U. S. Revised Statutes," when it appears that the agreement was not made with special reference to the paper in question.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

This is a suit at law brought by the United States in the circuit court for the Eastern district of Texas against Henry J. Lutcher and G. Bedell Moore, composing the firm of Lutcher & Moore, to recover damages for timber unlawfully taken from the public lands in Louisiana, and sold to said firm. On the trial, various bills of exception were taken by the defendants to the rulings of the court, admitting and rejecting evidence, and refusing instructions to the jury. There was a verdict for the United States, on which judgment was rendered, to reverse which this writ of error is prosecuted. On the trial the United States offered certain written statements, and was permitted to read in evidence a paper containing alleged depositions de bene esse of certain nine persons said to live in the state of Louisiana. The paper offered has for caption the court and the title and number of the case, and first shows an affidavit by Montfort S. Jones, as assistant to the United States attorney for the Eastern district of Texas, to the effect that he is advised and thoroughly believes that the testimony of certain persons named living in the Western district of Louisiana, more than 100 miles distant from the place in the Eastern district of Texas where the court is held, is material and necessary for the plaintiffs in the prosecution of said cause, and that it is not probable that the presence of said witnesses can be had at the trial; further, that the defendants lived in the Eastern district of Texas; and that he is informed and believes that James L. Bradford is the attorney of said defendants, and resides at New Orleans, in the state of Louisiana. This affidavit was sworn to before J. B. Beattie, United States commissioner for the Western district of Louisiana, on the 25th of January, 1890. Annexed to this affidavit is the following:

"Let E. J. Cain, A. J. Cain, Jno. R. Smith, James Kelly, Lafayette Jackson, Emanuel Huddleston, Wm. H. Craft, A. J. McCranie, Silas Fowler, Wm. J. Knight, Gus Skinner, Hardy Jordan, Henry Dickson, and D. R. Knight, the witnesses named in the foregoing affidavit, be examined de bene esse before me accordingly, at Alexandria, Louisiana, on the ――― day of ―――, A. D. 1890, at ― p. m., and let ――― days' notice be given to said defendants (or to ―――, the attorney of said defendants, as either may be nearest) of such examination, provided either defendants or ―――, said attorney, may live or be found within one hundred miles of Alexandria, said place of examination.

"Witness my hand and seal, officially, this, the 25th, day of Jany., A. D. 1890.
"[Seal.]                                     J. B. Beattie, U. S. Com'r W. Dist. La."

"U. S. Circuit Court, Galveston.
"U. S. vs. Lutcher & Moore. No. 1,444.

"No date was fixed in the order annexed to the affidavit for the taking of testimony in this case, therefore no notices were served.

"Witnesses ex.: Wm. J. Knight, Henry Dixon, Emanuel Huddleston, Lafayette Jackson, A. G. Skinner, Hardy Jordan, D. R. Knight, Jas. Kelly, J. R. Smith, Edward J. Cain.

"In the Circuit Court of the United States at Galveston, in the Fifth Circuit and Eastern District of Texas.

"United States vs. Lutcher & Moore. No. 1,444.

"Sir: You are hereby notified that E. J. Cain, J. A. Cain, Leesville, La.; John R. Smith, James Kelly, Lafayette Jackson, Emanuel Huddleston, Wm. H. Craft, A. J. McCranie, Silas Fowler, W. J. Knight, Almadane, Vernon Ph.,

La.; Gus Skinner, Hardy Jordan, Elmwood, Vernon Ph., La.; Henry Dixon and D. R. Knight, of Robeline, Natchitoches Ph., La.,—will be examined de bene esse before me at Alexandria, La., on the —— day of ——, 1890, at ——, as witness for the plaintiff in the above-entitled cause, according to the act of congress in such case made and provided; said witnesses residing in the Western district of Louisiana, and out of the Eastern district of Texas, and more than one hundred miles distant from Galveston, in said district, the place at which the court in which such cause is pending is appointed by law to be held, at which time and place appointed for the examination of said witness you are entitled to be present, and to put interrogatories to the same.

"J. B. Beattie, U. S. Com'r W. Dist. of La.

"To G. B. Moore, Above Defendant, or J. L. Bradford, Attorney for Defendants."

"In the Circuit Court of the United States. at Galveston, in the Fifth Circuit and Eastern District of Texas.

"United States vs. Lutcher & Moore. No. 1,444.

"Sir: You are hereby notified that E. J. Cain, J. A. Cain, Leesville, Vernon Ph., La.; Jno. R. Smith, James Kelly, Lafayette Jackson, Emanuel Huddleston, Wm. H. Craft, A. J. McCranie, Silas Fowler, W. J. Knight, all of Almadane, La.; Gus Skinner, Hardy Jordan, Elmwood, Vernon Ph., La.; Henry Dixon, D. R. Knight, Robeline, Natchitoches Ph., La.,—on the —— day of ——, 1890, at ——, as witnesses for the plaintiff in the above-entitled cause, according to the act of congress in such case made and provided; said witnesses residing in the Western district of Louisiana, and out of the Eastern district of Texas, and more than one hundred miles distant from Galveston, in said district, the place at which the court in which such cause is pending is appointed by law to be held, at which time and place appointed for the examination of said witnesses you are entitled to be present, and to put interrogatories to the same.          J. B. Beattie, U. S. Com'r, West. Dist., La.

"To H. J. Lutcher, Above Defendant, or J. L. Bradford, Attorney for Defendants."

Following the above are the statements of the alleged witnesses, some signed by mark "X," with a caption like the following, "U. S. Circuit Court, 5th Circuit, Eastern Dist. La.," but generally with the caption, "United States Circuit Court, Eastern District of Texas," although one has "United States Circuit Court, Eastern District Court." Where the statements are signed by mark, the alleged witnesses' signatures are attested by two witnesses, who apparently wrote their own names.

The foregoing is a full description of the alleged depositions, except that they were indorsed as follows: "C. L. 1444. Publication made in open court, by order of court, at request of M. S. Jones, Asst. U. S. Attorney, Apl. 1, 1890. C. Dart, Clerk. Filed April 1, 1890. C. Dart, Clerk."

The defendants objected to the reading of the said paper in evidence, on the following grounds:

"(1) That said paper did not on its face purport to be or contain the depositions of said witnesses, or any of them, and was nothing more than a series of written statements purporting to have been signed by them respectively.

"(2) That said paper was not accompanied by any caption, as required by law, showing by and before what magistrate or authority the same was taken and signed.

"(3) That said paper was not accompanied, as required by law, with any certificate of any officer or magistrate showing the reasons for the taking of the same, the time and place of taking, that the statements therein contained were written down by witnesses in the presence of the magistrate, or by the magistrate himself, or that the same were sworn to by said witnesses, or any of them."

The objections were overruled, and the statements permitted to go to the jury as evidence on the part of the plaintiff, for the following reasons:

"(1) That a motion to suppress and objections to said evidence had not been filed before the parties announced ready for trial in said cause.

"(2) Because said paper had been on file in said cause since the 1st day of

April, 1890, one day before the agreement was signed and filed, and that said paper was received in an envelope indorsed as follows: 'D. L. 427 & other cases. Received from the post office at Galveston, Texas, March 27th, 1890. C. Dart, Clk., by W. L. Hanscom, Deputy. Filed March 21st, 1890. C. Dart, Clerk, by W. L. Hanscom, Deputy. Publication made in open court by order of court at request of M. S. Jones, U. S. Attorney, April 1st, 1890. C. Dart, Clerk. M. S. Jones, Asst. Atty. Galveston, Texas.' Indorsed on back: 'Official Business. Mr. M. S. Jones, Asst. U. S. Atty., Galveston, Texas, care Clk. U. S. Courts.' Each of said written statements of the witnesses aforesaid had the following caption: 'U. S. Circuit Court, 5th Circuit, Eastern Dist. Texas. United States vs. Lutcher & Moore. No. 1,444. —— [giving name of witness] sworn and examined on behalf of plaintiff.'

"(3) Because the plaintiff and defendants had made and filed among the papers of this cause the following written agreement, viz.:

" 'United States vs. Lutcher & Moore. Nos. 425, 426, 427, 428, U. S. Dist. Ct., & 1,444, 1,443, 1,551, 1,451, 1,486, 1,490, 1,509, 1,521, 1,536, U. S. Circuit Ct., 5th Circuit, & E'n Dist. of Texas.

" 'It is agreed in the cases of the United States vs. Lutcher & Moore that the same will be continued to the next term in the condition in which they now stand, and that neither party at the trial of said cause will take any objection to the form of taking testimony in any of said cases by the other de bene esse, under sections 863 and 864, U. S. Revised Statutes. This applies to the testimony already taken only.

" 'April 2nd, 1890.

" 'Montfort S. Jones, Spl. Asst. U. S. Atty.

" 'Joseph H. Wilson, U. S. Atty. E'n Dist. Texas.

" 'J. L. Bradford & W. B. Benson, Attys. for Lutcher & Moore.

" 'Filed April 2, 1890.' "

To which ruling of the court the defendants duly excepted.

J. L. Bradford, for plaintiff in error.

F. B. Earhart, U. S. Atty.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

PARDEE, Circuit Judge (after stating the case as above). The paper permitted to be read in evidence on the trial is so deficient in all the forms and requisites that it cannot be properly called a "deposition" or even an "affidavit." It does not show any notice of the taking; that the statements were taken before any officer; that the persons making the statements were sworn. The statements bear no date or venue, and are accompanied by no certificate. The trial court appears to have admitted the statements contained in the paper to be read in evidence because they had been placed in the files of the case, had not been objected to before the parties announced ready for trial, and because of the agreement made between counsel for the United States and Lutcher & Moore in certain 15 cases between the same parties pending in the United States circuit and district courts in the Eastern district of Texas, to the effect that neither party at the trial would take any objection to the form of taking testimony in any of said cases by the other de bene esse, under sections 863 and 864, Rev. St. U. S. This agreement is practically to the same effect as the statute regulating the practice in common-law cases in the courts of the state of Texas, as follows: "Objections to the form or manner of taking a deposition cannot be heard unless

such objections are in writing, and notice thereof is given to the opposite counsel before the trial of suit commences." In our opinion, the agreement of counsel should be given no broader effect. The agreement was made to apply to some 15 cases pending in the courts of Galveston, in which cases, and even in this one, there were depositions on file, and the agreement is dated the next day after the alleged paper was filed in the present case; and we are therefore justified in assuming that the agreement was not specially made in reference to the paper in question, even if counsel for defendants knew that such extraordinary document was on the files. The statute of Texas above quoted is construed in the courts of Texas as applying to objections which do not go to the competency of the witnesses or the relevancy of the evidence offered. . Railway Co. v. Van Alstyne, 56 Tex. 450. A deposition is "the testimony of a witness put or taken down in writing under oath or affirmation, before a commissioner, examiner, or other judicial officer, in answer to interrogatories and cross interrogatories, and usually subscribed by the witness. 3 Bl. Comm. 449; Tidd, Prac. 810, 811." Burrill, Law Dict. verbo "Deposition." "In procedure, 'depositions,' in the most general sense of the word, are the written statements under oath of a witness in a judicial proceeding." Rap. & L. Law Dict. verbo "Deposition." "'Deposition' is a generic expression, embracing all written evidence verified by oath, and thus includes affidavits." Stimpson v. Brooks, 3 Blatchf. 456, Fed. Cas. No. 13,454. Definitions and authorities to this purport may be multiplied indefinitely. We conclude that a statement of facts in writing, without date or venue, purporting to have been signed by a witness, but giving neither age nor residence of such witness, which statement is not shown to have been made under oath, nor the oath waived, nor to have been taken on notice or in the presence of parties, nor to have been taken before any official authorized to administer oaths, and which is not accompanied by a certificate of a competent official, from which compliance with any of the requisites for the taking of depositions in judicial proceedings can be inferred, is not a deposition, although so labeled and filed in a suit pending in court.

It follows that, in our opinion, the court erred in admitting the paper in question in evidence over the objections of the defendants. As this necessitates a reversal of the case, the other assignments of error need be considered only to remark that the bills of exception relating to them are informally drawn, and would be dangerous as precedents. The judgment of the circuit court is reversed, and the cause is remanded, with instructions to award a venire de novo.