BEEBE *v.* BIRKETT.

DEED—MISTAKE—RESCISSION. ·

    A creditor who accepts a deed of land in payment of his debt cannot rescind the contract on the ground that the land deeded was not the land which he had viewed and which he supposed he was to receive, where the mistake was due to his failure to exercise ordinary care in the matter, and neither the debtor nor his authorized agents were in any wise responsible therefor.

Appeal from Livingston; Dodds, J., presiding. Submitted May 6, 1896. Decided June 30, 1896.

Bill by N. Maria Beebe against Thomas Birkett to compel the discharge of certain mortgages. From a decree for complainant, defendant appeals. Affirmed.

*Conely & Taylor*, for complainant.

*D. Shields* and *Francis J. Shields* (*Thompson & Harriman*, of counsel), for defendant.

LONG, C. J. This bill was filed to compel the discharge of two mortgages upon the lands of the complainant. The bill alleges that complainant is the owner of certain lands in Livingston county, this State, and that on or about March 18, 1890, she mortgaged them to the defendant for $7,100. This mortgage was duly recorded. When it fell due, the defendant commenced foreclosure proceedings, and the complainant, being unable to raise the money necessary to redeem the mortgage, on May 1, 1893, gave to defendant another mortgage upon the same lands for $7,280. This last mortgage was given to pay the first one, together with the interest and the expenses of foreclosure. Defendant, on receiving the second mortgage, agreed to discharge the first one without delay. About

December 7, 1894, for the purpose of freeing her lands from the burden of the second mortgage, and supposing the first had been discharged, complainant entered into an agreement with defendant to obtain for him a deed of certain property in Wayne county. In pursuance of this agreement, complainant procured such deed and had the same delivered to the defendant, who accepted it and had it duly recorded. There was a difference in favor of complainant between the Wayne county lands and the amount due on the mortgage, and this difference was paid by the defendant. Complainant claims to have performed every part of her agreement with defendant, but insists, by her bill, that he refuses to discharge either mortgage.

Defendant's contention is that the second mortgage did not cover the cost of the foreclosure proceedings of the first mortgage, and that the complainant agreed to pay the same, amounting to $35, and has failed to comply with that agreement. It is further contended by defendant that,—

"By the fraud of said complainant and her agents, the land so conveyed to him is not the land agreed to be conveyed by the said complainant, as alleged in said bill, but is land situated about two miles from the lands agreed to be conveyed, and two miles further out from the center of the city of Detroit, and has very much less value, being far beyond any settled or built-up part of the city of Detroit, and upon an open farm."

Defendant also avers that he tendered a conveyance of the land, and demanded from the complainant the sum of $4,200, the amount paid her, but that she did not accept the conveyance, and declined to pay the money demanded.

Proofs were taken in open court, and the court below decreed that there was due, for the costs of foreclosure proceedings on the first mortgage, the sum of $37, and that, on the payment of that amount, the defendant should discharge said mortgage. As to the second mortgage, the court decreed that it was fully paid and satis-

fied, and the court directed that it be discharged of record. Neither party was awarded costs. From this decree the defendant appeals.

It is unnecessary to set out here the testimony relative to the dealings between the parties in reference to the lands. The defendant, it appears, attempted to visit them, and was shown lands which, in an indefinite way, were pointed out as being the lands, or lands situated near those, deeded to him, though defendant was informed by the party who went to show them to him that he was not certain where the lands were situate. We think, upon the whole testimony, that the defendant made no such case as would entitle him to have the trade rescinded, and his money returned to him by the complainant. Had he exercised ordinary care, he could have at once discovered that the lands which he viewed were not the lands for which he was making the exchange, and we find nothing in the record which would warrant the assertion that the complainant or her authorized agents were responsible for his failing to discover the real situation of the lands deeded to him. The court below so found the fact to be, and, we think, very properly, under the evidence.

The decree of that court must be affirmed, with costs of this court in favor of the complainant.

The other Justices concurred.