COLE v. KJELLBERG.†

(Court of Civil Appeals of Texas. San Antonio. Oct. 25, 1911. Rehearing Denied Nov. 29, 1911.)

REFORMATION OF INSTRUMENTS (§ 19*)—DEEDS —REAL ESTATE—NEGLIGENCE.

Where a mistake in the description of a deed as to the numbers of the lots sold was the result of plaintiff's carelessness in numbering the lots on a plat made for his benefit, and the means of detecting the mistake were in plaintiff's hands, he could not maintain a suit to correct the mistake under the rule that relief in equity cannot be granted for a mistake of one party only, especially where it is the result of his carelessness.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. § 19.*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by E. B. Cole against John E. Kjell-berg. Judgment for defendant, and plaintiff appeals. Affirmed.

G. R. Scott & Pope, for appellant. J. C. Scott and Charles Turner, for appellee.

FLY, J. This is a suit instituted by appellant to correct a certain deed made by him to appellee, in which lots 3 and 4 in Cole's First addition to the city of Corpus Christi were described and reference was made therein to a certain plat on which the lots were numbered in black, while the lots should have been numbered 11 and 12 as shown on the plat by red figures. The cause was submitted to a jury which returned a verdict for appellee.

It is the claim of appellant that the addition was platted by the county surveyor and the lots were numbered, but afterwards, at the request of appellant, the numbers were inserted on the map by the surveyor. It is the claim of appellant that he instructed the surveyor to number the lots, 14 in number, from west to east, but he had numbered them from east to west. The plat or map as thus numbered was filed and recorded, and while it was in that condition two lots described as 3 and 4 were conveyed by deed from appellant to appellee. The same description appeared in the option contract made between the parties, and the plat was embodied in the abstract of title furnished by appellant, and was made a part of the deed executed by him to appellee. The abstract was examined by appellant, and he saw the plat before the deed was made. Appellee. went in possession of the lots described in his deed and abstract early in November, 1909, and on November 30, 1909, appellant had the original black numbers, which began at the east end, erased and had new numbers in red inserted beginning at the west end of the tier of lots instead of the east end, as had originally been done. This change threw the lots of appellee near the west end of the tier of lots instead of near the east end, as described in the deed and abstract, of which appellee is in possession.

It is the claim of appellant that appellee was shown the lots purchased by him and that they are situated near the west end of the tier of lots, instead of near the east end, where appellee has located. Appellee, however, testified that he never saw the lots before he bought them on June 1, 1909, and did not know their location until they were located for him by the city engineer in November, 1909. He testified that he bought them by the black numbers on the original plat, believing it to be correct. The evidence showed that the attorney of appellee believed the original plat to be correct and copied it into the abstract of title prepared by him, and no error was ever discovered in it by any one until appellee had gone into possession of the

lots. There was a sharp conflict between the testimony of Goodwin and appellant and that of appellee, the first two swearing that the lots were pointed out to appellee by them and that he bought by such designation, while appellee testified that he never saw the lots before he purchased and did not know where they were situated until they were shown to him by the city engineer. The jury must have credited his testimony, which they had the clear and undoubted right and authority to do.

Under the facts, as presented, if there was a mistake in the deed, it was one made by appellant alone; there being no mutuality in the mistake. Appellant had the map made, and he placed it on record and sold the land to appellee as described on that map. The mistake was the result of his carelessness and inattention, and equity will not relieve him from such mistake. The means of detecting the mistake were in the hands of appellant, and by ordinary attention he would have discovered the mistake long before appellee bought the land. Relief in equity cannot be granted upon the ground of mistake alone, and this applies with the greater force where the mistake is the result of the carelessness of the party seeking the relief. Robertson v. Smith, 11 Tex. 211, 60 Am. Dec. 234; Railway v. Van Alstyne, 56 Tex. 439.

In the case of May v. Town Site Co., 83 Tex. 502, 18 S. W. 959, a deed had been made conveying certain land which the vendor claimed she did not intend to convey, and the Supreme Court held: "It is very evident from what has already been said, that if there was any mistake it was entirely upon the part of Mrs. May, for the railway company certainly was not mistaken, but understood the transaction and intended that the conveyance should embrace 250 acres in addition to the right of way and depot grounds. There being no fraud, either express or implied, which induced the mistake, if any, upon the part of Mrs. May, the defendants are not responsible for the mistake, and the contract remains binding upon the plaintiffs if otherwise valid. A court of equity may grant relief in a case of mutual mistake, but not on account of one entirely unilateral and in the absence of fraud." Under the facts, narrated by appellee and credited by the jury, the land was sold and identified by a certain plat or map owned and presented by appellant. The mistakes in that map were his mistakes, for which appellee cannot be held responsible. The mistake was unilateral.

Appellee's evidence made out a case of reliance upon a deed and abstract of title furnished to him by appellant. He denies having any certain lots pointed out to him, and, while there may be inconsistencies in his testimony, it satisfied the jury, and this court is bound by their verdict.

The judgment is affirmed.