BEAVER v. COSTLEY et al. (No. 5465.)

(Court of Civil Appeals of Texas. Austin. April 7, 1915. Rehearing Denied April 28, 1915.)

1. VENDOR AND PURCHASER ⟨⟨=⟩33—LOCATION OF LAND — REPRESENTATIONS OF VENDOR — RESCISSION.

Where the vendor of land made no representations as to its location, never having seen it, and being ignorant as to its situation, defendant purchaser had no claim in equity to rescind the contract for misrepresentations as to location.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 38, 40–43, 66; Dec. Dig. ⟨⟨=⟩33.]

2. VENDOR AND PURCHASER ⟨⟨=⟩211—ASSUMPTION OF PURCHASE-MONEY NOTES.

Where vendee did not claim any specific agreement with his vendor that he should not assume payment of outstanding purchase-money notes, but only that it was his intention not to do so, the deed showing that he did assume such payment, he knowing that the notes were unpaid, and that the land was bound for their payment, he was liable thereon.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 433–435; Dec. Dig. ⟨⟨=⟩211.]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by J. L. Costley against George W. Beaver and others. From the judgment rendered, defendant Beaver appeals. Affirmed.

R. C. Walker, of Austin, for appellant. Rector & Green and Hart & Patterson, all of Austin, for appellees.

JENKINS, J. J. L. Costley was the owner of a 160-acre survey in the name of Banyan Payne. He sold the same to A. T. Threadgill, Jr., for, among other considerations, four vendor's lien notes, aggregating $480; the vendor's lien being retained in both the deed and the notes. Threadgill sold the land to John H. Grist, who assumed the payment of said notes. Grist sold the same to N. R. Lowry, who assumed the payment of said notes, and Lowry sold to J. M. Dunn and Geo. Beaver, who likewise assumed the payment of said notes. Grist asked for judgment over against Lowry, Beaver, and Dunn for whatever amount might be adjudged against him. There was a judgment for Costley against all parties for the debt and foreclosure of the lien, and judgment in favor of Grist over against Dunn and Beaver, from which judgment Beaver has appealed, his contention being that the judgment should be reversed: (1) Because he was induced to purchase said land on account of the misrepresentations made to him by J. M. Dunn; and (2) for the reason that he did not intend in said transaction to assume the payment of said notes.

As to the mispresentation, the testimony shows that Lowry had sold the land to Dunn, and executed and delivered to him a deed. This deed was never recorded, but subsequently destroyed, and the fact that the land had been sold to Dunn was unknown to Beaver. Dunn approached Beaver with the proposition that they purchase the land together. Dunn, Beaver, Eanes, and another party went out in an auto to look at the land. When they arrived at a certain point Eanes said that they were on the land. Eanes did not know where the lines or corners were, but did claim to know, in a general way, the location of the land, and supposed that they had stopped the auto near the middle of the tract. Dunn did not claim to have ever seen the land, or to know anything about its location, and in fact he had never seen it. Appellant examined the land on each side of the road. That upon the south was comparatively worthless. Upon the north side of the road there were 25 or 30 acres of good, black, tillable land worth $25 or $30 an acre when put in cultivation, and which appellant supposed to be a part of the Payne survey. Subsequently Dunn came to the land office, where appellant was, and they examined the county map. Appellant asked if the road ran along the south side of the Bell survey. Dunn replied that such was his understanding, and pointed out on the map where he supposed the auto stood, and where he supposed the road ran. He did not state how he got his information, nor whether or not he had obtained any additional information since they looked at the land; in fact, the road runs on the north side of the land, there being not more than an acre of the Payne survey north of the road. The Payne survey is rocky, broken land, and of very little value, worth, perhaps, as indicated by the evidence, about $1.50 an acre. Appellant would not have purchased the survey had he known its true location.

[1] It is true, as claimed by appellant, that

equity will relieve when a purchaser has been misled by the seller as to the true location of the land. Culbertson v. Blanchard, 79 Tex. 486, 15 S. W. 700; Pendarvis v. Gray, 41 Tex. 326. But in the present case the owner of the land made no representations as to its location; in fact, did not know its location, and had never seen the land. He did not authorize Dunn or Eanes to make any representatons as to its location. Eanes appears to have had no interest in the transaction, and neither he nor Dunn intentionally deceived appellant as to the location of the land. Appellant could have ascertained the location of the land by having the same surveyed, or by demanding that Lowry, the owner, should point out to him its location. That he was mistaken as to the land that he purchased was his own fault, for which Lowry was in no wise responsible. Such being the case, he is not entitled to have the contract rescinded. Beebe v. Birkett, 109 Mich. 663, 67 N. W. 966.

[2] As to the assumption of the notes due Costley, appellant does not claim that he had any specific agreement with Dunn, nor with any one else, that he should not assume the payment of said notes, but only that it was his intention not to do so. He knew that said notes were unpaid, and that the land was bound for their payment. The deed when written was brought to him, and no statement was made to him to the effect that he had not assumed the payment of said notes. The deed shows that he did assume such payment, and the fact that he did not read the deed furnishes no excuse for his not complying with the terms thereof. Packing House Co. v. Spies, 109 S. W. 434; Blake v. Coal Co., 145 Ky. 788, 141 S. W. 405; Donnelly v. Trust Co., 239 Mo. 370, 144 S. W. 393; Avery v. Powell, 174 Mo. App. 628, 161 S. W. 336. It is shown that he has had considerable experience in buying and selling land and in drawing deeds; he could read and write, and nothing was said or done to prevent his reading the deed which he accepted. Such being the facts, he is bound by his contract as therein specified.

It is unnecessary for us to pass upon any other assignments of error.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

