**WHEELER v. HOLLOWAY. (No. 534–4227.)**

(Commission of Appeals of Texas, Section B. Nov. 4, 1925.)

**1. Contracts ⟜93(1)—Written contract cannot be canceled on theory there was no meeting of minds, even though prompt action be taken.**

Since the law presumes that people intend to do what they actually do, written contract cannot be canceled on theory that there was no meeting of minds, even though action of party requesting cancellation be prompt to that end.

**2. Contracts ⟜93(1) — Contract cannot be canceled because of unilateral mistake of fact on ground that other party has suffered no intervening injury.**

One is not justified in asking cancellation of contract because of unilateral mistake of fact on ground that other party suffered no intervening injury.

**3. Exchange of property ⟜3(1) — Contract cannot be canceled because of unilateral mistake of fact, which could have been easily ascertained before signing.**

Where contract for mutual exchange of property was entered into, and one of parties refused to perform because he thought he was purchasing different tract of land, although he could have easily ascertained this before signing contract, it was *held* that contract could not be canceled for this reason.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by O. T. Wheeler against L. E. Holloway. Judgment for plaintiff was reversed in Court of Civil Appeals (261 S. W. 467), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

Witt, Terrell & Witt, of Waco, for plaintiff in error.

Johnston & Hughes, of Waco, for defendant in error.

POWELL, P. J. This case is stated fully in the opinion of the Court of Civil Appeals. See 261 S. W. 467. We shall state only such of the facts as relate to the one issue we shall discuss. Under a written contract, Wheeler and Holloway agreed upon a mutual exchange of property. Wheeler agreed to convey to Holloway 150 feet by 105 feet at the corner of Nineteenth street and West avenue in the city of Waco. Holloway bound himself to convey to Wheeler two tracts of land described in the contract and a Ford car. After the contract was executed, Holloway refused to perform the same. Thereupon Wheeler sued him for damages in the sum of $1,500. Upon a trial before a jury, Wheeler recovered damages in the sum of $290.

Upon appeal, the Court of Civil Appeals reversed the judgment of the district court and remanded the case to that court for another trial. Its reason for the reversal is thus stated by the court:

"In this case, if the defendant was honestly mistaken as to the property which he thought he was purchasing from the plaintiff, it could not be said that there was any meeting of the minds between plaintiff and defendant, because plaintiff was selling one tract and the defendant thought he was purchasing an entirely different one. No harm was done, no advantage taken, and no equities had arisen in the case. The defendant under his testimony acted promptly. If the jury should find that the defendant was mistaken as to the property which he thought he was buying, then the contract should not be enforced, and the court erred in refusing to submit the issue to the jury.

"For the error indicated, the cause is reversed and remanded."

Holloway had asked that this issue be submitted to the jury. The trial court refused to do so. The first proposition in the application for writ of error attacks the action of the Court of Civil Appeals in reversing the district court for the refusal to give this charge. We think the trial court's action correct. The contract between the parties was in writing, as already stated. The lot in Waco was accurately described, including its dimensions. It seems that Holloway, from looking at the land, reached the conclusion that the 150 feet on North Nineteenth street would carry the lot back to Ethel avenue. He did not measure it to see. He did not look at a plat of the city to see. It seems he showed no diligence whatever before contracting to ascertain whether or not the lot as described in the contract extended as far back as Ethel avenue.

This is not a case of mutual mistake. It is one relying solely upon a unilateral mistake of fact. The Court of Civil Appeals says, "There are no elements of fraud in the transaction." Some courts, as well as some of the text-writers, hold that neither law nor equity will relieve against a unilateral mistake of fact in the absence of fraud. If this be the correct rule, then the finding of the Court of Civil Appeals just stated by us that there was no fraud in this case ends the matter adversely to Holloway, who made this mistake of fact.

But there are some authorities which, under the broader rules of equity, do relieve against a unilateral mistake of fact, where the party making such mistake shows he used due diligence to avoid such a mistake. We quote as follows, in this connection, from the Supreme Court of the United States in the case of Grymes v. Sanders, 93 U. S. 55, 23 L. Ed. 798:

"Mistake, to be available in equity, must not have arisen from negligence, where the means of knowledge were easily accessible. The par-

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ty complaining must have exercised at least a degree of diligence 'which may be fairly expected from a reasonable person.' "

[1] But, even if we should adopt this more liberal. rule, it would not avail Holloway. He showed no diligence. He did not even request the submission of such an issue to the jury. The Court of Civil Appeals does not claim that he showed any diligence. The reasons actuating that court in its reversal of the judgment appear from aforesaid quotation from its opinion. That court seems to think that any one can avoid a written contract, provided action to that end be prompt, upon the theory that there was no meeting of the minds in signing the contract. The complete answer to this latter contention, as we see it, is that the law presumes that people intend to do what they actually do. Men are presumed to intend the reasonable consequences of their conduct and action. They will not be heard to say that their minds did not meet upon a proposition which they have signed, and which is written in unambiguous language. They may have had something else in mind, but they are held responsible for what they actually sign.

[2] One is not justified in asking a cancellation because of a unilateral mistake of fact on the ground that the other party has suffered no intervening injury. It is assumed that each party to a contract thinks it is to his advantage to make it. Otherwise, why should they contract at all? Wheeler had a right to enforce this contract. He was unwilling to set it aside. He is not required to show his reasons for desiring to enforce a contract someone has fairly and voluntarily made with him.

If the theory pursued by the Court of Civil Appeals be upheld, no written· contract would be secure. We would have no stability of contract. Any one, dissatisfied with his trade, could come in and say that he really did not understand what he was signing. The whole trouble in this case is that Holloway traded and investigated afterward. He should have reversed this procedure. The facts were before his very eyes easily accessible to him. There was nothing in the world to prevent him from ascertaining beforehand that the 150 feet would not carry the land to Ethel avenue.

[3] It is not necessary for us to determine which of the lines of authority heretofore discussed is correct. Under no theory of law which we have been able to discover does it seem possible to permit Holloway to cancel this contract. No such issue should have been submitted to the jury. In this connection, we refer to the following cases: Cole v. Kjellberg (Tex. Civ. App.) 141 S. W. 120; May v. Townsite Co., 83 Tex. 502, 18 S. W. 959; Jackson v. Martin (Tex. Civ. App.) 73 S. W. 832; Travelers' Insurance Co. v. Jones, 32 Tex. Civ. App. 146, 73 S. W. 978; Brown v. Levy, 29 Tex. Civ. App. 389, 69 S. W. 255; Finks v., Hollis, 38 Tex. Civ. App. 23, 85 S. W. 463.

It may not be amiss for us to make a short quotation from the case of Cole v. Kjellberg, supra, as follows:

"Under the facts, as presented, if there was a mistake in the deed, it was one made by appellant alone; there being no mutuality in the mistake. Appellant had the map made, and he placed it on record, and sold the land to appellee as described on that map. The mistake was the result of his carelessness and inattention, and equity will not relieve him from such mistake. The means of detecting the mistake were in the hands of appellant, and by ordinary attention he would have discovered the mistake long before appellee bought the land. Relief in equity cannot be granted upon the ground of mistake alone, and this applies with the greater force where the mistake is the result of the carelessness of the party seeking the relief."

We find no reversible error in this case. Therefore we recommend that the judgment of the Court of Civil Appeals be. reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.