## STAILEY v. HOFFMAN.
### No. 8989.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 1, 1933.

Polk Hornaday, of Harlingen, for appellant.

John C. Myrick, of Harlingen, for appellee.

SMITH, Justice.

Appellant, Rilla E. Stailey, purchased thirty-five acres of land in Cameron county from her former husband, D. W. Stailey, who conveyed the land to her by deed in which the consideration for the conveyance was recited to be a cash payment and the assumption by the grantee of an outstanding debt of $2,136.75, secured by deed of trust upon the land. The debt thus assumed was evidenced by D. W. Stailey's note, which was held by appellee, Mabel E. Hoffman.

Upon default in the payment of the note, appellee sued both the Staileys, attached thirty-five acres of unincumbered land belonging to Rilla E. Stailey, and prayed for personal judgment against both Staileys, as well as foreclosure of the deed of trust lien upon one of the tracts of land, and of the attachment lien upon the other. The cause was heard by a jury, but at the conclusion of the trial the court directed a verdict as prayed for by appellee, and rendered judgment accordingly. Rilla E. Stailey has appealed.

It is first contended by appellant that the attachment was wrongfully issued because it did not appear in the affidavit therefor that the existing security was not sufficient to discharge the debt sued on; that as a predicate for issuance of the writ of attachment it was incumbent upon appellee to show the value of the existing security, and attach only for the deficiency thus disclosed. We overrule these contentions. The affidavit for attachment contained the requisites, but only the requisites, prescribed by statute (article 276, R. S. 1925), and there seems to be no rule of statute or authority which prohibits a creditor from resorting to attachment upon other property in aid of a secured claim. Article 283, R. S. 1925; Walden v. Locke (Tex. Civ. App.) 49 S.W.(2d) 832.

This conclusion does not deprive appellant of a right to protect the attached property from unnecessary sale, for, undoubtedly, she can require the selling officer to first sell the original security before putting up the attached property. We overrule appellant's first proposition.

Appellant vigorously insists that the cause should have been submitted to the jury upon the issues of mutual mistake of the parties to the deed in question and the alleged fraud of the scrivener in inserting in said deed the provision by which appellant assumed the note sued on. We have carefully considered the evidence, and have reached the firm conclusion that the trial court did not err in directing a verdict thereon.

It may be conceded as conclusively shown that the vendor and vendee originally agreed that appellant was not to pay said notes. If the deed had been then and there prepared, executed, and delivered, but through the mutual mistake of the parties, or the fraud or mistake of the scrivener, the instrument bound appellant to pay said notes, she afterwards could have had the instrument reformed to show the true agreement, by showing due diligence in discovering the mistake, and that she had been wrongfully deprived of an earlier opportunity to make such discovery, and that no rights of any third parties had intervened. But no such showing was made. She deputed D. W. Stailey to

negotiate with appellee's attorney in closing the transaction, and the latter, with full warning of his intention, drew the instrument to include the provision in dispute. It was then executed by D. W. Stailey, and forwarded by mail to appellant in a distant state, where she and her attorney together received and had every opportunity, and were certainly under the duty, to ascertain the contents of the conveyance. She denies she read it then or at any time thereafter, and the record does not disclose if her attorney read it. Apparently she filed it for record, although that detail, unimportant in view of other facts, may be in dispute. She proceeded, however, to treat the transaction as satisfactorily concluded, paying taxes, water rents, and interest installments on the notes, for a period of two years, when, after this suit was filed, and for the first time, she raised objection to the provisions of the deed. These and other facts, not necessary to here set out in detail, lead inevitably to the conclusion that the case presents no justification for setting aside a written obligation so deliberately assumed and fully confirmed. American, etc., v. Lucia (Tex. Civ. App.) 285 S. W. 641; Beaver v. Costley (Tex. Civ. App.) 175 S. W. 761; Moerlein v. Inv. Co., 9 Tex. Civ. App. 415, 29 S. W. 162, 948; Dale v. Akin (Tex. Civ. App.) 27 S.W.(2d) 327; Parker v. Schrimsher (Tex. Civ. App.) 172 S. W. 165, 170; Williams v. Rand, 9 Tex. Civ. App. 631, 30 S. W. 509; Grand Lodge v. Schwartz (Tex. Civ. App.) 205 S. W. 156; Wheeler v. Holloway (Tex. Com. App.) 276 S. W. 653; Keystone, etc.. Co. v. Kleeden (Tex. Civ. App.) 299 S. W. 671.

The judgment is affirmed.