## WESLEY A. WILLIAMS v. McQUINNEY H. WRIGHT.

In this case the Court recognize the equitable remedy of interpleader, as applicable to our system, notwithstanding that, because of our practice of intervention, the party might, perhaps, protect himself by giving notice of the pendency of the suit to the adverse claimant or claimants.

An objection that an answer in the nature of a bill of interpleader, fails to bring the money into Court or offer to do so,* cannot be taken on general demurrer.

Whether the present was a proper case for an interpleader, it is not necessary positively to decide. It appeared by the answer, that the right of the plaintiff had been contested, and was in litigation in a suit previously instituted, to which all the parties in interest, were made parties, in another county. This made it unnecessary that the adverse claimants should interplead in this suit, as the right must be determined in that.

It would seem that where the cause of action or ground of defence is in its general nature sufficient, a general demurrer will not lie ; and that in such cases, the omission of particular allegations must be specially assigned, in order that the proper amendment, if correspondent with the fact, may be made.

Error from Collin. Tried below before the Hon. Nat. M. Burford.

Suit by McQuinney H. Wright against W. A. Williams, commenced February 7th, 1857, on a promissory note of said Wil-

---

* We understand the recognition of this requirement, in our practice, not to extend beyond an offer to pay the money to the party to whom it may be determined to belong. —REPS.

liams for $2,000, dated July 27th, 1855, payable on or before the first day of January, 1857, to Mary Standifer or bearer, reciting that it was given in part payment for a tract of land that day purchased from the said Mary; indorsed on the back "pay to bearer, this 10th Nov. 1855," signed M. W. Mathews; and assignment to M. H. Wright, Feb. 14, 1856, by D. J. Thomas and W. B. Thomas. Plaintiff alleged that he became the owner of said note, before due, giving a valuable consideration therefor. He also alleged the facts, and prayed an enforcement of the vendor's lien.

The defendant filed two pleas, one to the effect that he admitted the execution of the note sued on; but pleaded in bar the pendency of a prior suit in the District Court of Kaufman county, commenced on the    day of    A. D. 1856, by one B. M. Musgrove against the said Mary Standifer, in which said Mary filed an answer in the nature of a cross-action, a certified copy of which was filed as part of this defendant's answer; that this defendant and said Wright, the plaintiff, have been duly served with process in said cross-action; prayer for protection, and that the suit be dismissed. Affidavit of the truth of the plea.

Defendant filed another plea, in case his first was held insufficient, to the effect that he admitted his liability upon the note sued on, but that in March, 1856, said Mary Standifer published a notice, warning all persons not to purchase or receive said note, and gave special notice to this defendant not to pay the same, on the ground that it had been obtained from her by M. W. Mathews by fraud; and to the end that defendant might be protected, he asked that the said Mary Standifer, who resided in the county of Kaufman, be made a defendant in this suit, and that she be required to assert her claims to said note if any she had.

The answer of Mary Standifer in the Kaufman county suit, purported to be an answer in a suit commenced by B. M. Musgrove against her, on her promissory note; it alleged that said note was given in part payment for lands in Kaufman county, purchased by said Mary from said Mathews, detailing the particulars, in which she charged said Mathews, one Boydston and one Hanna with confederating to defraud her; that she gave beside the note sued on, a note payable to said Mathews by her for $150, payable January 1st, 1857, and a note executed by Wesley A. Williams, payable to said defendant, due January 1st, 1857, for two thousand dollars; that said Mathews, for the pur-

pose of further defrauding this defendant, and carrying out his fraudulent designs, confederated with William B. Thomas and Daniel J. Thomas, who reside in the county of Hunt, and who are prayed to be made parties to this suit, merchants trading under the style of Thomas & Bro., and made the fraudulent transfer of said note (that is the note sued on in the Kaufman county suit) that is indorsed upon the back of said note sued on, after the same became due, antedating the same in order that the defence here relied upon could not be made available, without any consideration therefor; and that the said Thomas & Bro. had full notice of the facts and allegations hereinbefore set forth, before they received said note, and that they received the same after it became due, and that the said Thomas & Bro. transferred and delivered said note to the said plaintiff after the same became due, without any consideration, and that plaintiff had full notice of the facts herein stated. The defendant would further show that the note for two thousand dollars upon Williams was transferred by said Mathews to said Thomas & Bro., and by said Thomas & Bro., to one McQuinney Wright, who also resides in the county of Hunt, some time since the first of January, 1856, (perhaps 1857 intended,) the precise time not known, under like circumstances, for a like purpose, and with a like design; and that each of the said Thomas & Bro. had notice of the facts and allegations hereinbefore stated; that said Mathews is wholly insolvent; that defendant fears said Williams, who resides in Collin county, and who is prayed to be made a party defendant to this suit, may and will pay to the said McQuinney Wright the said sum of two thousand dollars, and thereby this defendant be deprived of her just rights; prayer that this answer be taken as a cross-bill, and that said Mathews, Thomas & Bro., Wright and Williams be cited, that said sale be set aside for fraud, that the said notes be redelivered to this defendant, and if this cannot be done, then give her such reduction upon the said notes as the facts may warrant; for damages against Mathews, and for general relief. Affidavit to the truth of the facts stated.

The copy of the citation served upon defendant Williams in the Kaufman county suit, was also made an exhibit; it was issued on the 18th of Sept. 1856. The date of the filing of Mary Standifer's answer in that suit was not given, but must have been prior to the date last mentioned.

Plaintiff in this cause moved to strike out the defendant's

answer, on the ground that it was insufficient and presented no defence. This motion was sustained, on the ground, as stated in a bill of exceptions, that said answer was insufficient and presented no defence. Jury waived, and judgment for plaintiff for $2058 33, &c.

*J. C. Easton,* for plaintiff in error. The defendant Williams should have been regarded in the capacity of a stakeholder in the suit pending in Kaufman District Court, and his rights should have been protected by the Court. (See Fowler v. Morrill, 8 Tex. R. 153.)

The answer is also good as a plea to the jurisdiction, because it and the exhibits made a part of it, show clearly that the subject matter of this suit and the right of property in the note was pending in the District Court of Kaufman, and that the plaintiff and defendant in the suit now before the Court were both parties to that suit.

These propositions seem to me to be so plain, that authorities need not be referred to in support of them.

*J. A. & R. Green,* for defendant in error. The answer was defective as a bill of interpleader, because it failed to show that the defendant would not be protected from the claim of Mrs. Standifer, by the judgment of the Court in this case. (Budeau v. Rogers, 2 Paige, C. R. 209.)

The plaintiff had possession of the note. His suit on it in the proper county in a reasonable time was notice to all the world, and unless Mrs. Standifer intervened, she would of course have no remedy against Williams after he shall satisfy the judgment, even if all the facts stated by her were true.

No tender of the money held as stakeholder by Williams was made in the answer; which is a fatal objection. (McGarrah v. Prather, 1 Blackf. 299; Shaw v. Casper, 8 Paige, C. R. 339.)

We are instructed to ask damages for delay on part of plaintiffs.

WHEELER, J. In the practice in Courts of Chancery, a bill of interpleader lies where two or more persons claim the same debt or duty of the complainant by separate interests; when he, not knowing to which of the complainants he ought, of right, to pay or render it, fears that he may sustain injury by the conflicting

claims of the parties. He then applies to a Court of Equity to protect him, not only from rendering the debt or duty to both the claimants, but also from the vexation attending upon the suits, which are, or may be instituted against him. (Story's Eq. Sec. 806; 1 Cowen, 703.) "It claims no right in opposition to those claimed by the persons against whom the bill is exhibited, but only prays the decree of the Court, to decide between the rights of those persons for the safety of the complainant." (Ib.; Cooper's Eq. Pl. 456.) "If a debt or other claim has been assigned, and a controversy arises between the assignor and assignee respecting the title, a bill of interpleader may be brought by the debtor, to have the point settled, to whom he shall pay." (Story, Eq. Sec. 808, and cases cited; and see Marion v. Elwood, 11 Paige, 365; 2 Id. 209; 8 Id. 339.) From these authorities it would seem that the case exhibited by the defendant's answer was a proper case for the awarding of equitable relief.

It is objected that the answer is not sufficient to authorize the awarding of an interpleader, because there was no tender of the money by the defendant. If this objection had been taken to the answer, it would be entitled to consideration. For in the case of money due by the party asking the equitable aid of the Court, he should bring the money into Court, or, at least, should offer to do so. (Story, Eq. Sec. 809; 8 Paige, 339.) But an objection of this nature, which, had it been intimated in the Court below, might have been immediately obviated by amendment, will not be considered under a general demurrer, or a motion in the nature of a demurrer, which did not point out the objection.

Whether the present was a proper case for an interpleader, it is not necessary positively to decide. It appeared by the answer that the right of the plaintiff had been contested, and was in litigation in a suit previously instituted, to which all the parties in interest, were made parties in another county. This made it unnecessary that the adverse claimants should interplead in this suit, as their right must be determined in that. But while that suit was pending and the right remained undetermined, the defendant in this suit was entitled to protection. Had both suits been depending in the same Court, they might, perhaps, have been consolidated. But as the former was in a different Court, the defendant had the right to have proceedings stayed in this, until that suit was determined. Otherwise his condition would be a perilous one.

It is said the party contesting his right ought to have intervened in this suit. But it does not appear that she had notice of the suit. *Lis pendens*, I apprehend would not be such notice as to conclude her by the judgment.

The defendant might have relieved himself from liability by bringing the money into Court, subject to the determination of the rights of the parties in the former suit. And had the plaintiffs excepted to the answer for the want of an allegation, that he had answered in that suit and offered to pay to the party entitled to receive it, it would have become necessary to determine whether it was not his duty to do so or show some excuse for the omission, to entitle him to relief in the present suit. But a motion to strike out the answer was not the proper mode of raising the question of its legal sufficiency, even in matter of substance. But considered, as the Court treated it, as a general demurrer, it ought to have been overruled. The answer disclosed sufficient matter of substance to entitle the defendant to have the proceeding stayed until the former suit was determined, or until the party contesting the right of the plaintiff could have notice to come in and assert her claims. The judgment is reversed and the cause remanded.

Reversed and remanded.