JOHN TARDIFF v. THE STATE.

The law requires, alike in civil and criminal cases, the statement of facts not only to be signed and sealed by the parties, or their attorneys, in case they agree to it, but also to be submitted to the judge for his approval and signature. And, *it seems*, that the absence of the judge's approval and signature, is fatal to the validity of such statement, and the same is wanting in authenticity.

On an indictment for a violation of the 5th section of the Act of February 2d, 1856, imposing a license tax on the retailing of spirituous liquors, &c., it is no defence, that the accused, when he sold the liquors, was a clerk for the proprietors of the establishment. He is, in the sense of the law, a "*person concerned* in selling," &c.

To render a mistake of fact available to the accused, as a defence, under Articles 47 and 48 of the Penal Code, the fact, concerning which he claims to have been mistaken, must be such an one as, if existing, would have rendered the act excusable; such mistake must not arise from a want of proper care on his part.

But information to the accused concerning a matter which, if true, would render it probable that the fact about which he claims to have been mistaken, might

12

thereafter exist, is not an existing fact, supposed or real, concerning which he could be mistaken. A delusion as to facts, created under such circumstances, is "a want of care" on his part.

APPEAL from Harris. Tried below before the Hon. Peter W. Gray.

This was an indictment against the appellant, for selling spirituous liquors, in quantities less than a quart, without having a license therefor, filed December 15th, 1856. Plea, "Not guilty."

It was proved that the defendant, at the time and place alleged in the indictment, did sell spirituous liquors, in quantities less than a quart, without license. That he sold the liquors for the witness and Chambers, as their bar-keeper; that the defendant refused to sell, or go into their employment, until they obtained a license. That Mr. Chambers, the partner of the witness, informed the defendant, that he had seen Mr. Berry, the county treasurer, and had made arrangements with him.

The court instructed the jury as follows:—"Where a given act of a party is either innocent or criminal, according to the intention with which it is done, the intention is then a material inquiry. But every man is necessarily held and presumed to know what the law forbids; and where the law requires a certain thing to be done, before it is lawful to do another, it is the duty of the party to ascertain, that the requisites have been complied with; and if he acts before, without inquiry of the proper authority, he acts at his peril. The law requires a license to be obtained from the county court, before spirituous liquors can be sold lawfully, by retail, and all parties, whether principals of an establishment, or clerks, are responsible, if any of them sell without license. Misinformation to the clerk does not excuse."

Verdict of guilty, and judgment accordingly for the amount of fine and costs. The other facts appear from the opinion.

*J. W. Henderson*, for the appellant.

*J. Willie, Attorney-General*, for the state.

ROBERTS, J.—The statement of facts in this case is signed by the attorneys, but not approved by the presiding judge. By the Code of Criminal Procedure, it is provided, that, "in preparing a statement of facts, the rules in civil suits shall apply, as to the manner and form of preparing and sending up the same." (Art. 604.) The manner of preparing a statement of facts in civil suits, is, that " if the parties, or their attorneys, agree as to the facts given in evidence, they shall sign and seal the same, and submit it to the judge, for approval and signature, who shall also sign it, and the statement so made shall be filed as a part of the record of the cause." (Hart. Dig. Art. 788.) The law requires this participation of the judge, as a means of authentication, and also as a means of enabling the court below to show the facts, upon which the charges were given, and upon which their legality and propriety may depend. Hence it is important that the statement of facts should be signed by the judge as well as by the parties.

If, however, as this question is not raised by the parties, the case be considered on its merits, we are not prepared to say that the charge of the court, or the verdict of the jury, were erroneous.

One defence set up is, that the defendant was a clerk, and not a principal, in the establishment, and sold ardent spirits as clerk. Under the supposition that the license law would be attempted to be evaded by every imaginable device, the legislature rendered liable to a penalty " any person or firm (who) shall sell or be *in anywise concerned* in selling spirituous, vinous or other intoxicating liquors, in quantities less than one quart, without first having obtained a license therefor." It will often happen, that the clerk is the only ostensible person in control of an establishment, and if the fact that he was clerk only, constituted a defence, the state might continually find itself pursuing a shadow, in its efforts to find the real offender, who furnished the capital, and who would never be known as the principal, until it became necessary to shelter his clerk from conviction. Therefore, to prevent evasion, the act rendered liable to prosecution, any

person, in anywise concerned in selling. (Act 2d February, 1856, page 68.) A clerk is in some-wise concerned in selling. He does the act of selling. His principal may or may not be known. He assumes to do an act, which is lawful only upon a condition. He is presumed to know that the legality of the act, which he is performing, is dependent upon that condition, and therefore, it is not unreasonable, that he be required to ascertain the performance of the condition, which alone will render his act lawful. A similar construction was given to this statute in the case of Needham v. The State, 19 Texas Rep. 336.

Another defence set up is, that the defendant acted under a mistake of fact. (Penal Code, Art. 47, 48.) The evidence was, that one of his principals informed the defendant " that he had seen Mr. Berry, the county treasurer, and had made arrangements with him." The very mode of expression by which this information was conveyed, was calculated to impress upon the defendant, a knowledge of the main fact,—that license had not been obtained. It left it probable that the arrangements might be consummated, and that his employers would afterwards get a license, and he chose to act on that probability. It was not an existing fact, supposed or real, that he was mistaken in, for it does not appear, but that some " arrangements " had been made with the treasurer. He was simply mistaken in supposing that they would afterwards carry out the arrangements thus commenced, and get a license. That is a very different thing from mistaking the fact that they had a license, and being led into that mistake under no " want of care " on his part. (Penal Code, Art. 48.)

Judgment affirmed.