## A. Neely v. The State.

1. THEFT — CHARGE OF THE COURT. — If, in a trial for theft, the defence is that the taking was not with a fraudulent intent, but done under a *bonâ fide* claim of ownership or right, the merits of the defence are not contingent upon the care or prudence exercised by the accused to ascertain the ownership of the property. A charge was erroneous, therefore, which in effect instructed for conviction if the accused took the property of

another under the honest belief that it was his own, but without exercising ordinary care or prudence to identify it as such.

2. MISTAKE OF FACT. — Arts. 45 and 46 of the Revised Penal Code define the character of mistake available as an excuse for acts otherwise criminal, but have no application to acts which are criminal only when done with a felonious or fraudulent intent.

APPEAL from the District Court of Madison.    Tried below before the Hon. W. D. WOOD.

The opinion indicates the case.

*F. Charles Hume*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.    Paragraph 4 of the charge of the court, which is complained of, is in the following language : "If from all the evidence in this case you believe that defendant bought a beef from Ed Mitchell, and that in killing the beef defendant killed the cow of Dean, mentioned in the indictment in this case, through honest mistake, — that is, if you believe that defendant did not know Dean's cattle and their mark and brand, and that there was no mark and brand, or such mark and brand, about the cow of Dean, if you find, beyond a reasonable doubt, defendant took Dean's cow, or any other mark about said cow that would have put the defendant on notice, or informed him of the fact that the cow he took or killed was not the cow or heifer he bought of Mitchell, had he exercised ordinary care or prudence in the inspection or examination of the cow, — that is, such care and prudence as a man of ordinary care and prudence in the community would exercise under such circumstances : then, in such case, if you so find the facts, — that is, that he took Dean's cow under the honest and *bonâ fide* mistake that it was the cow he bought from Mitchell, — you will acquit the defendant."    A portion of this charge is awkwardly framed and confused, but the

learned judge evidently was endeavoring to embody in the instruction the substance of the provisions of our statute with regard to such acts as become excusable and guiltless on account of mistake in their commission.

Art. 1694, Paschal's Digest (Rev. Penal Code, art. 45), provides that "no mistake of law excuses one committing an offence, but if a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal, he is guilty of no offence." Again, the succeeding article (Pasc. Dig., art. 1650; Rev. Penal Code, art. 46) reads:—

"The mistake as to fact which will excuse under the preceding article must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct; and it must also be such mistake as does not arise from a want of proper care on the part of the person committing the offence."

In the case of *Bray* v. *The State*, 41 Texas, 204, where these two articles were given in charge to the jury in a case of theft of a cow, our Supreme Court said: "These articles refer to acts 'otherwise criminal,' or acts in themselves criminal if unexcused, and not to acts which become criminal only when committed with a fraudulent or felonious intent. For example, to sell liquor without a license is an offence, though the clerk who sells it may carelessly take it for granted that his employer had a license. *Tardiff* v. *The State*, 23 Texas, 169. So, the criminality of homicide committed under the mistaken belief of the existence of facts which excuse the act may be affected by the want of proper care, inducing the mistake. 1 Bishop's Cr. Law, 384. In theft, the fraudulent intent is a necessary constituent of the offence. The act of taking, itself, without such an intent, is a mere trespass. If the taking be under an honest though mistaken claim of right, it would seem hardly necessary to cite authority that it is not theft. 4 Bla. Comm. 232; 1 Hale's P. C. 509; *Smedly* v. *The*

*State*, 30 Texas, 214 ; *Dignowitty* v. *The State*, 17 Texas, 527 ; 41 Texas, 204.

Under this construction of the law, the charge complained of is clearly erroneous.

With regard to the evidence, the sufficiency of which to support the judgment is called in question, suffice it to say that the evidence of Ed Mitchell might perhaps throw additional light upon the transaction and make the testimony more satisfactory.

The judgment is reversed and the cause remanded

*Reversed and remanded.*