## J. H. FINKS ET AL. v. J. W. D. HOLLIS.

Decided January 18, 1905.

**1.—Practice on Appeal.**

Questions not raised in the trial court can not be urged on appeal.

**2.—Patent—Vacancy—Evidence.**

In an action to cancel notes and recover back payments for purchase money of land, on the ground that the vendor had no title, where the latter had undertaken to establish, by judgment, the fact that the land was vacant and subject to his location, he could not establish the fact of such vacancy merely by showing that he afterwards had procured patent on his location.

**3.—Cancellation—Mistake—Fraud.**

An action for rescission and cancellation of notes on the ground of mistake on the part of plaintiff, induced by the representations of defendant, is based on fraud, not on mutual mistake, and a charge permitting recovery, on the ground that the contract was made by mistake on the part of plaintiff, was unwarranted.

**4.—Charge—Conflict.**

An erroneous charge is not cured by giving a proper charge conflicting with it.

Appeal from the County Court of McLennan. Trial below before Hon. G. B. Gerald.

*Clark & Bolinger* and *Alfred Abeel,* for appellants.

*N. B. Williams* and *W. H. Forrester,* for appellee.

*Clark & Bolinger* and *Alfred Abeel,* for appellants.—The evidence absolutely failed to show that these appellants in any manner whatsoever made any false or fraudulent representations to the appellee, or induced him to execute said notes sought to be cancelled through any fraud or deceit. Kellum v. Smith, 18 Texas, 849; Giddings v. Steele, 28 Texas, 758; Texas & P. Ry. Co. v. Burke, 1 App. C. C. (White & W.), sec. 946; Blythe v. Speake, 23 Texas, 435.

The court erred in rendering judgment against defendant for a cancellation of said notes and the recovery of money heretofore paid thereon, because the plaintiff failed and refused to make any tender to the defendants or reconveyance of said land for which said notes were executed; but still held in their hands the warranty deed of these defendants. Stewart v. H. & T. C. R. R. Co., 62 Texas, 249; Paul v. Chenault, 59 S. W. Rep., 579; Allcorn v. Sweeny, Dallam, 495, 496; Teas v. McDonald, 13 Texas, 357; Fitzhugh v. Franco-Texas Land Co., 81 Texas, 314; Culbertson v. Blanchard, 79 Texas, 493; Ogburn v. Whitlow, 80 Texas, 239; Demaret v. Bennett, 29 Texas, 267; Groesbeck v. Harris, 82 Texas, 417; Rancho Bonita L. & L. S. Co. v. North, 92 Texas, 75.

It conclusively appeared from the testimony that the appellee suffered no injury on account of the execution and payment of said notes to appellants, whether executed through fraud or mistake, because under the contract of 1890 these appellants necessarily would have recovered said land and been entitled to recover the contract price therefor against the appellee, to wit: $7.00 per acre. State v. Galveston City Co., 38 Texas, 34; Bremond v. McLean, 45 Texas, 18; Moore v. Cross, 87 Texas, 561; McCall v. Sullivan, 1 App. C. C. (White & W.), 11; Read v. Chambers, 45 S. W. Rep., 742.

The court erred in giving special charge asked by plaintiff to the effect that if plaintiff executed the notes and paid the money under a mistake, he was entitled to recover, because the plaintiff's testimony did not show that the defendants falsely or fraudulently induced him to execute said notes or made any false representations about said original contract, and it is wholly immaterial as a matter of law what

the plaintiff believed, he would not be entitled to rescind a valid contract which he had the legal right to make with the defendants, and which he did make, as shown by the proof in this cause, unless the defendants caused him by false representations to so enter into such contract. Edwards v. Dickson, 66 Texas, 615; Galveston, H. & S. A. Ry. Co. v. Gormley, 27 S. W. Rep., 1053; Missouri, K. & T. Ry. Co. v. Woods, 25 S. W. Rep., 741; Taffinder v. Merrill, 18 Texas Civ. App., 664, 45 S. W. Rep., 477; Burnett v. Lambach, 39 S. W. Rep., 1015; Williams v. Rand, 9 Texas Civ. App., 636, 30 S. W. Rep., 509; Clack v. Wood, 14 Texas Civ. App., 400, 37 S. W. Rep., 189.

*N. B. Williams* and *W. H. Forrester*, for appellee.—The court did not err in refusing appellants a new trial herein for the reason complained of in appellant's first assignment of error, because appellee was entitled to the relief sought whether appellants actually lied to, deceived or defrauded appellee or not. If both were acting under a mistake of fact and appellee parted with his property to appellants without any consideration in law then appellee was entitled to recover whether there was intentional fraud committed by appellants or not. If appellants by their general conduct, actions or misrepresentations, misled and deceived appellee and induced him to part with his property, then appellants were guilty of fraud and said action of the court is correct under either or all of the above conditions. Culbertson v. Blanchard, 79 Texas, 491; Rancho Bonito L. & L. S. Co. v. North, 92 Texas, 76; Alston v. Richardson, 51 Texas, 6; City Bank of H. v. National Bank, 45 Texas, 217; Mitchell v. Zimmerman, 4 Texas, 79; Texas Elevator & C. Co. v. Mitchell, 28 S. W. Rep., 49; Mayes v. McElroy, 10 Texas Ct. Rep., 632.

If it was necessary in order for plaintiff below to recover to have tendered in his pleadings the deed for cancelation, and he failed to do so, then defendant below should have filed a special demurrer to this defect in the plaintiff's pleadings and upon the same being overruled by the court, excepted and taken his bill, and failing to do this he can not be heard to raise this point after the trial and evidence has closed. Moore v. Cross, 26 S. W. Rep., 125; Gulf, C. & S. F. Ry. Co. v. Preston, 74 Texas, 183; Tillman v. Fletcher, 78 Texas, 676.

The tender of a deed for cancellation in a court without jurisdiction to cancel would be useless and should not be required. Hollis v. Finks, 34 Texas Civ. App., 12, 8 Texas Ct. Rep., 680; Crawford v. Sandridge, 75 Texas, 384; Mixan v. Grove, 59 Texas, 575; City of Victoria v. Schott, 9 Texas Civ. App., 334.

The tender of a worthless deed, or one that is virtually canceled by this suit should not be required in the suit in which it is virtually canceled. Reed v. Chambers, 45 S. W. Rep., 743; Miller v. Barber, 66 N. Y., 558; Mixan v. Grove, 59 Texas, 575.

Appellee should not be required to reestablish former conditions of an old abandoned suit when he had no control over the suit and was in no way responsible for the changed conditions, especially when appellants' own wrong was the cause of the change.

An Appellate Court should not attempt to say what would have been

the result of a land suit fifteen years ago that was never tried, without some evidence of the merit or demerit of the litigation. Nor should an Appellate Court say whether a contract entered into between parties in reference to a lawsuit about which the court knows nothing was necessary or advantageous to either of the parties. Courts should be resorted to to enforce contracts and not to make them. Appellee is entitled to the relief sought if he suffered any injury, where he acted under the mistaken belief that appellants had executed their part of the contract sued on, whether the mistake grew out of an innocent or a willful failure on the part of appellants to make the facts known to appellee. Mitchell v. Zimmerman, 4 Texas, 79; Texas Elevator & C. Co. v. Mitchell, 28 S. W. Rep., 49; Ramirez v. Barton, 41 S. W. Rep., 510; Smith v. Fly, 24 Texas, 350.

We submit to the court that special charge No. 1 asked by the plaintiff below, is a brief, succinct and clear-cut presentation of the law in this case. Appellants say in their remarks in this case that it is immaterial which of the charges is correct, that if they are conflicting they confused the jury and hence would work a reversal of the case. We differ with appellants upon this point and think it very material which of the charges is correct. Appellants certainly would not be heard to complain of an erroneous special charge asked by themselves. Appellant had a right to have the jury properly charged as to the law upon this particular phase of the case, and we should not be allowed to suffer for the errors committed by appellants, especially when the conflict complained of must have confused the jury to their interest if at all. Alston v. Richardson, 51 Texas, 6; City Bank of H. v. National Bank, 45 Texas, 217; Loper v. Robinson, 54 Texas, 516; Blum v. Light, 81 Texas, 422; Mitchell v. Zimmerman, 4 Texas, 79; Texas Elevator & C. Co. v. Mitchell, 28 S. W. Rep., 49; Ramirez v. Barton, 41 S. W. Rep., 510; Smith v. Fly, 24 Texas, 350; International & G. N. Ry. Co. v. Sein, 33 S. W. Rep., 559; International & G. N. Ry. Co. v. Sein, 89 Texas, 66; St. Louis & S. F. Ry. Co. v. Dodd, 27 S. W. Rep., 227; City of San Antonio v. Ostrom, 18 Texas Civ. App., 678, 45 S. W. Rep., 962; Mayes v. McElroy, 10 Texas Ct. Rep., 632.

KEY, ASSOCIATE JUSTICE.—This is the second appeal in this case, the former decision being reported in Hollis v. Finks, 34 Texas Civ. App., 12, 8 Texas Ct. Rep., 680. At the last trial verdict and judgment were rendered for the plaintiff, and the defendants have appealed.

The verdict of the jury is assailed by the first assignment of error, the contention being that no sufficient proof of misrepresentations was made. As we reverse the case upon another ground we do not rule on this assignment.

Under the second assignment of error, it is contended that the plaintiff was not entitled to the equitable relief sought because he failed to tender to the defendants a reconveyance of the land for which the notes were executed, and still holds the defendants' warranty deed for the land. That question was not raised in the court below, and for that reason, it can not be urged on appeal. (Williams v. Wright, 20 Texas, 503; Moor v. Moor, 24 Texas Civ. App., 153.)

What has just been said concerning the second assignment, disposes of the third, which presents a similar question not raised in the trial court.

The point raised by the fourth assignment of error is decided against the appellants. In our opinion the contract of 1890 placed the burden upon the defendants to show that the land referred to was vacant and to establish that fact by a judgment in the suit then pending, whereupon the plaintiff would have the right, and would be required, to purchase the land at $7 per acre. The fact that the defendants thereafter procured a patent to the land should not be held to conclusively establish the existence of the vacancy.

At the request of the plaintiff, the court instructed the jury as follows: "If you believe from the evidence that plaintiff executed any notes or paid any money upon the mistake of fact that the defendant had complied with the written contract sued on, and that said notes were executed or said money paid by the plaintiff upon the mistaken belief that he was indebted to the defendants herein, and in truth and in fact, plaintiff owed defendants nothing, then and in that event you will find for plaintiff for such money so paid and said notes so executed."

This instruction was in conflict with another given at the request of defendants to the effect that the plaintiff would not be entitled to recover unless one or more of the defendants made false representations to him, and thereby induced him to execute the notes sought to be canceled. The charge complained of should not have been given. Neither law nor equity will relieve against mistakes, unless they are mutual or unless the mistake relied on for relief was brought about by the conduct of the opposite party. The plaintiff does not allege in his petition that there was any mutual mistake, but does allege that he entered into the contract and executed the notes sought to be canceled upon a mistake existing in his mind and superinduced by conduct of the defendants. Such plea presents the issue of fraud only. The charge complained of authorized a verdict for the plaintiff, if the notes were executed by him because of a mistake on his part, although the mistake may not have been caused by conduct of the defendants. This was error and the error was not cured by giving another special charge which correctly stated the law and conflicted with the one complained of. (San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 277; Baker v. Ashe, 80 Texas, 356.)

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*