DETROIT STEEL PRODUCTS CO. v.
HOUSTON PRINTING CO. et al.
(No. 357.)

(Court of Civil Appeals of Texas. Beaumont.
April 18, 1918.)

1. SALES ⬩⬩⬩354(6) — ACTIONS FOR PRICE — PLEADING—FRAUD AND MISTAKE.

In an action for goods sold and delivered under a written contract, an allegation, pleaded on information by defendant, that defendant's intestate signed the contract under a mistake of fact as to contents thereof, due to misrepresentations by plaintiff that the contract provided for payment of freight by plaintiff, *held* insufficient to raise the issue of fraud or mutual mistake.

2. SALES ⬩⬩⬩36—MUTUAL MISTAKE.

Buyer, who signs sales contract, thinking it provided for payment of freight charges by seller, when it plainly stated freight was to be paid by buyer, cannot avoid contract, where the mistake is not mutual.

Appeal from Harris County Court; Murray B. Jones, Judge.

Action by the Detroit Steel Products Company against the Houston Printing Company and another. From a judgment for less than asked for, plaintiff appeals. Reformed and affirmed.

Cooper & Merrill, of Houston, for appellant. W. G. Love and T. H. Stone, both of Houston, for appellees.

KING, J. This suit was instituted by the appellant against the Houston Printing Company and Mrs. Bessie Wenzel, as the surviving wife of C. C. Wenzel, deceased, and independent executrix of the last will of said C. C. Wenzel. Before trial the cause was dismissed as to the Houston Printing Company. Appellant declared on a written contract, whereby it sold to C. C. Wenzel, during his lifetime, material of the value of $779.70, claiming a balance of $411.74 as due under said contract. Upon a trial before the court without a jury, judgment was rendered against the estate of C. C. Wenzel in behalf of appellant in the sum of $196. Appellant appealed, assigning as error the action of the trial court in deducting the difference between $196 and $411.74, as freight charges

from Detroit to Houston upon the goods so ordered. Judgment was denied appellant as against Mrs. C. C. Wenzel in her individual capacity. Appellee Mrs. Bessie Wenzel pleaded a general answer and general denial of ever receiving any of the property of said C. C. Wenzel, and further that said estate was insolvent, and that no allowance for her maintenance had ever been made by the probate court, or otherwise, and that said estate was therefore unable to pay the claim. She also pleaded that she had not received property of sufficient value to pay said claim, and had not received any allowance for one year's support as wife of said C. C. Wenzel, deceased. As independent executrix of the estate of C. C. Wenzel, deceased, appellee Mrs. Bessie Wenzel pleaded that C. C. Wenzel, during his lifetime, was engaged in the business of contracting, constructing buildings in the city of Houston, and denied that appellant ever sold C. C. Wenzel any of the items claimed in appellant's petition, but pleaded on information that a pretended written order for materials was obtained by plaintiff from the said C. C. Wenzel upon fraudulent representations made to him as to the contents thereof, by reason of which false and fraudulent representations, he was led to believe that said written order provided for said goods described in said order to be shipped to said Wenzel f. o. b. Detroit, with freight allowed to Houston, and that appellant, in defraud of the rights of C. C. Wenzel, procured his signature to said contract upon a mistake of the fact upon his part as to the contents of said order with regard to the allowance of freight to Houston.

A careful consideration of the evidence shows that Wenzel was a contractor, putting up a building for the Houston Printing Company, and asked for prices on fenestra steel windows of the agents of appellant, and that said agents submitted a written proposition to furnish the windows for $868 f. o. b. Detroit, with freight allowed to Houston, and that this proposal was accepted by Wenzel; that afterwards the architect having charge of said Houston Post Building changed the plan of construction of said building, so as to reduce the number of fenestra windows and their dimensions, and that said C. C. Wenzel then stated to the agents of appellant that it would be necessary to change their contract, as submitted to him by them under the original plan; that in compliance with said request the agents of appellant submitted to said Wenzel a written bid or proposal to furnish fenestra steel windows and attachments for the sum of $640. This contract provided, " All prices f. o. b. car Detroit, Mich.," and the provision "freight allowed to Houston," contained in the previous proposal, was omitted from the second proposal; that this written contract was submitted to Wenzel, and was kept in his office for several days, and

⬩⬩⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was duly executed by him, and that he received the material, and paid the freight, and sent in the freight bills to appellant for credit; that appellant refused to credit him with the amount of the freight bills, asserting under the contract as executed by Wenzel.

From those facts, the trial court concluded, as a matter of law, that the written order or proposal was signed and accepted by Wenzel under the mistaken belief, induced by the previous negotiations between him and the agents of appellant, that the same contained the provision that the freight on the material covered by said order was allowed to Houston, as was the case in the original proposal submitted to him by said agents, and it would be inequitable and unjust to require his estate to pay the freight on said material from Detroit to Houston, and that under the circumstances the estate of C. C. Wenzel was entitled to a credit covering the amount of freight so paid by him.

[1, 2] The conclusion of the trial court cannot be sustained. In the first place, the pleadings of appellee in this respect, and as set out in substance above, are not sufficient to raise the issue of fraud or mutual mistake, and clearly the evidence fails to bring this case within the rule that a contract, to be not binding on account of mistake, the mistake must be mutual. It is not enough to avoid it that one party signed it, believing it did not contain what was plainly expressed therein. The evidence, as well as the findings of the trial court, show that there is due appellant $411.74 under the written contract, and the judgment is reformed to the extent of allowing judgment for $411.74, instead of $196, as against the estate of C. C. Wenzel, deceased. We find no error, however, in the action of the trial court in refusing judgment as against Mrs. C. C. Wenzel in her individual capacity.

The judgment is therefore reformed and affirmed.