### COOPER GROCERY CO. v. McDONALD et al. (No. 6616.)

(Court of Civil Appeals of Texas. Austin. Oct. 10, 1923.)

**1. Appeal and error ⊚⟹553(1)—Motion for new trial not considered as bills of exception.**

A motion for new trial copied into the record cannot be considered as appellant's bills of exceptions.

**2. Appeal and error ⊚⟹544(2)—Only matter raised by objection to charge considered in absence of bills of exceptions.**

In the absence of bills of exception, the appellate court can only pass on matters properly raised otherwise by objection to the court's charge before presentation to the jury.

**3. Sales ⊚⟹53(3)—Issue of value of property for which note fraudulently obtained is given may be submitted to jury.**

The question of the value of property for which a note fraudulently obtained is given may be submitted to the jury in an action on the note; a contract induced by fraud being unenforceable.

**4. Bills and notes ⊚⟹474—Allegations as to value of building for which note given held not admission precluding submission of issue.**

Allegations of defendant's pleadings, in an action on a note fraudulently obtained, that the building for which the note was given was worth a certain amount at the time of the purchase, held no admission of its value, so as to preclude submission of such issue to the jury.

**5. Sales ⊚⟹343, 344—Payee suing on note fraudulently obtained can only recover on quantum meruit for value of property sold.**

Payee suing on a note obtained by fraudulent representations concerning property for

---

which it was given can only recover on quantum meruit for the value of such property.

**6. Appeal and error ⟨key⟩997(1)—Propositions as to which jury found against appellant on sufficient evidence without merit.**

Appellant cannot complain that certain issues should not have been submitted to the jury when the jury found against him on such issues, and their verdict is sufficiently supported by the evidence.

**7. Bills and notes ⟨key⟩534—Costs ⟨key⟩32(1)—Payee recovering judgment for value of property for which void note was given held not entitled to attorney's fees, costs, or interest at rate of note.**

Where a note sued on was declared void as fraudulently obtained, plaintiff, recovering on quantum meruit for the value of the property given therefor, was not entitled to attorney's fees, interest on the judgment at the rate borne by the note, nor costs, which the court, as authorized by Rev. St. 1911, art. 2048, assessed against plaintiff, though the successful party generally recovers the costs (article 2035).

**8. Pledges ⟨key⟩47—Maker of note fraudulently obtained may recover property pledged as security.**

A note sued on having been declared void as fraudulently obtained, defendant could recover vendor's lien notes pledged as security.

**9. Appeal and error ⟨key⟩181—Objection first raised on appeal not considered.**

An objection first raised on appeal cannot be considered.

**10. Sales ⟨key⟩124—Tender of property received or value thereof held unnecessary to rescission or cancellation.**

Where the maker of a note, as soon as he learned of fraudulent representations by which it was obtained, sought payee's agents, who agreed to make good any representations, but instituted suit on the note without attempting to adjust the claim, no tender of the property or its value was necessary to rescind the contract or cancel the note; there being no showing that payee would have accepted the tender.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by the Cooper Grocery Company against C. L. McDonald and others. Judgment for defendants, and plaintiff appeals. Affirmed.

G. W. Smith, of Waco, for appellant.
W. L. Eason, of Waco, for appellees.

### Statement.

BLAIR, J. The appellant, the Cooper Grocery Company, instituted this suit against C. L. McDonald, seeking a recovery upon a $650 promissory note, executed by appellee to appellant. Appellant also sued H. C. Mooney and wife, Alice E. Mooney, on a series of vendor's lien notes which were pledged by appellee, McDonald, as security for the payment of the $650 note in question. However, the suit against Mooney and wife was dismissed by appellant, and need not enter into this case. Appellee defended upon the ground that the execution of the note sued upon was obtained by the fraud of appellant, its agents and representatives, in that they falsely represented the size and dimension of the property purchased with the note to be much larger than it really was, and further represented the value of the brick in the vault to be of much greater value than it really was.

### Findings of Fact.

The material facts found by the jury, which we find to be supported by the evidence, relative to dimension and size of the building and the brick in the vault, for which said note was given in payment, are as follows: That J. R. Milam, agent and representative of the appellant, falsely represented and guaranteed the building, in payment for which the note sued upon was given, to be 30 feet wide and 250 feet long. That said Milam falsely represented and guaranteed that the brick in the vault of the building was of the value of $150, and that it could be sold for such an amount. That appellee did not inspect the building at the time of purchase, and that he had no opportunity to do so, being hindered or prevented by Milam and Carver, agents of appellant. That the building was not 30 feet wide nor 250 feet long. That the value of the brick in the vault was not $150, and that the reasonable market value of the building at the time it was purchased was $200. That appellee relied upon the statements and representations of appellant's agents, which induced him to execute the note in payment of the building, and that he would not have purchased the building and executed the note in question except for the representations of appellant and its agents.

### Opinion.

[1, 2] The record as presented in this case contains no bills of exception, appellant having copied into the record its motion for a new trial, which it contends constitutes its bills of exception in this case. Such does not conform to the rule regarding the preparation and presentation of bills of exception to this court, and cannot be considered as such, and we can only pass upon such matters as are properly raised otherwise by objection to the court's charge before the same was presented to the jury.

[3] Appellant's first, second, and third propositions complain of the action of the trial court in submitting to the jury the question of the market value of the building, in payment for which the note in question was executed, contending that the value of an article for which a note is given cannot thereafter be the subject of inquiry as to its value

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and the obligation given therefor; and, second, that, appellee having admitted the value of the article, he was bound by his admission, and the question should not be submitted by the court to the jury. We overrule these assignments. As a mere abstract proposition of law, if the suit was based upon a contractual obligation, appellant's contention might be correct, but in the case at bar, the jury having found that the contract was obtained by fraud, the effect is to vitiate the contract in toto. A contract induced by fraud is unenforceable. Green v. Chandler, 25 Tex. 160; History Co. v. Flint, 4 Willson, Civ. Cas. Ct. App. § 224, 15 S. W. 912; Drinkard v. Ingram, 21 Tex. 654, 73 Am. Dec. 250; Johnston v. Loop, 2 Tex. 335; Bankers v. Calhoun (Tex. Civ. App.) 209 S. W. 829.

[4, 5] The pleadings of appellee contain merely an allegation that the building was worth a certain amount at the time of purchase, which was no admission of its value, and proof of its value was an issue in the case, and supports the only judgment that could have been rendered in this case, since the trial court properly held, upon the finding of the jury, that the note's execution was obtained by fraud, and therefore appellant could only recover on quantum meruit for the value of the building so sold to appellee.

[6] Appellant's fourth and fifth propositions, that appellee would be precluded and estopped to deny the value of the property, since he had opportunity to examine the same before he purchased it, and that he did not use diligence in ascertaining whether the statements were false and fraudulent, therefore error to submit the questions to the jury, are without merit in this case, since the jury answered both of these questions against appellant, and the verdict is sufficiently supported by the evidence.

[7] Appellant's sixth proposition that, having recovered judgment, it was entitled to attorney's fees for bringing the suit, is without merit, since it did not recover upon its original suit, as the note sued upon was declared to be void because it was obtained by fraud, but recovery was upon a quantum meruit in equity for the value of the building which appellee received and had torn down before he discovered the fraud.

Appellant's seventh proposition, that, it having recovered judgment, it carries with it a recovery of the costs, and that the trial court erred in assessing the costs against appellant, is without merit. Appellant did not recover upon its original cause of action, nor any part of it, but recovered under its prayer for general relief in equity for the value of the thing sold appellee through fraud. Article 2048, Revised Statutes of 1911, authorizes the court, for good cause, to adjudge the costs otherwise than as provided in article 2035, R. S. 1911, which provides that generally the successful party recovers the costs of suit. The same ruling is applicable to appellant's tenth proposition, in which he complains that the trial court should have fixed the rate of interest on the judgment rendered in its behalf at 10 per cent., the rate which the note bore. Appellant's recovery was not upon the note.

[8] Appellant's eighth proposition is not well taken, in which it complains that, the vendor's lien notes having been hypothecated as a pledge for the payment of the note sued upon, appellee was not entitled to receive the same until he had fully paid the debt. The contract or note sued upon was declared void, because it was executed in fraud; therefore appellee would have the right to recover the pledged property securing the same as his own.

[9, 10] Appellant's ninth proposition, that, before appellee would be entitled to a rescission of the contract, or cancellation of the note, he would have to tender back the property he received, or its value, is without merit in this case, first, because there is no pleading nor any showing of record that this objection was urged in the trial of the case, but is raised for the first time on appeal, and cannot be considered by this court. Williams v. Wright, 20 Tex. 503; Finks v. Hollis, 38 Tex. Civ. App. 23, 85 S. W. 463; Moor v. Moor, 24 Tex. Civ. App. 150, 255 S. W. 231. And, in the second place, it is not shown that the appellant would have received the property if it had been tendered back, or its value in money had it been tendered in court. The proof shows the contrary, that, as soon as appellee learned of the fraud, he sought appellant's agents, who denied any misrepresentations, but agreed to make good any representation that they had made. Appellant then instituted suit to recover on the note, without any effort to adjust the claim of appellee. No further tender by appellee was necessary, and especially so since the issue was not raised by the pleadings or by objection in the court below. Hagelstein v. Blaschke (Tex. Civ. App.) 149 S. W. 722; Culbertson v. Blanchard, 79 Tex. 492, 15 S. W. 700. Therefore we overrule the assignment.

We find no error in this judgment, and it is affirmed.

Affirmed.