## AMERICAN MAID FLOUR MILLS v. LUCIA.
### (No. 8843.)

(Court of Civil Appeals of Texas. Galveston.
April 27, 1926. Rehearing Denied
May 27, 1926.)

**I. Contracts ⊕═93(5).**

To avoid plainly expressed terms of contract, mistake set up as ground therefor must be shown to be mutual, in absence of fraud.

**2. Equity ⊕═8.**

Mistake of fact is not ground for equitable relief when arising from negligence of party seeking relief.

**3. Contracts ⊕═93(2).**

One signing or accepting written contract, with full opportunity for information of its contents, cannot avoid its terms on ground of his mistake as to its contents, in absence of fraud or misrepresentation.

**4. Principal and agent ⊕═103(9)—Where written order was expressly subject to confirmation, it was. not binding contract because of any apparent authority of salesman.**

Where there was a stipulation in written order·for flour that it was subject to confirmation, prospective purchaser signing order, it was not binding contract without confirmation, on ground that agent taking order was held out to have authority to enter contract.

**5. Sales ⊕═52(5)—Evidence held insufficient to show confirmation of written order by customary dealings between parties.**

Evidence that purchaser had ordered flour by phone at one time, and had given written order for car at another, both of which orders had been filled without any other manner of confirmation, *held* insufficient to show confirmation of written order taken by salesman by customary dealings between parties.

**6. Sales ⊕═23(3)—Failure to act upon or respond to written order, expressly made subject to confirmation, held not confirmation.**

Where written order for flour was expressly made subject to confirmation by its terms, failure of seller to act upon or respond thereto *held* not acceptance or confirmation of order.

**7. Pleading ⊕═291(2)—Where order was taken subject to confirmation according to authority and instructions of salesman, seller held not precluded from defense of nonexecution because it did not deny execution under oath.**

Where salesman was merely authorized to solicit and submit orders for approval, and there was no showing that order for flour was not taken as directed, seller *held* not precluded, in action by prospective buyer to enforce transaction as completed contract, from asserting defense that contract had not been confirmed because it did not deny its execution under oath.

Appeal from Harris County Court; Ben F. Wilson, Judge.

Suit by V. Lucia against the American Maid Flour Mills. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

B. F. Louis and A. G. Haigh, both of Houston, for appellant.

Ward & Ward, of Houston, for appellee.

LANE, J. This suit, as shown by plaintiff's second amended petition, was one brought by V. Lucia against American Maid Flour Mills, a corporation, successor to Houston Mill & Elevator Company, to recover the sum of $950 as damages alleged to have been suffered by plaintiff by reason of a breach of a contract alleged to have been entered into between the Houston Mill & Elevator Company, the predecessor of American Maid Flour Mills, and himself, whereby the said

first named company sold and agreed to deliver to V. Lucia 500 barrels of flour. It was alleged by plaintiff that the party sued was formerly incorporated under the name of Houston Mill & Elevator Company, and that after having made the sale of the flour to plaintiff, to wit, on the 27th day of August, 1923, it, by amendment to its charter, changed its name to American Maid Flour Mills, and that the contract, though signed "Houston Mill & Elevator Company," was in fact the contract of the American Maid Flour Mills.

The answer, though styled "V. Lucia v. Houston Mill & Elevator Company," is in fact the answer of the American Maid Flour Mills, as shown by the special plea set out in said answer, whereby it is averred that it was shown by plaintiff's original petition that plaintiff's cause of action is against Houston Mill & Elevator Company and not against defendant, and therefore defendant should be discharged with its costs.

Answering further, defendant denied generally all the allegations of the plaintiff. It specially denied that the instrument relied upon as the basis of this suit was a contract of sale, and alleged that such instrument was intended only as, and in fact was, an order of the plaintiff to be submitted to defendant which was to be effective as a contract between the parties only upon approval by defendant, as shown by the following recital therein, as follows: "The contract is subject to confirmation by the seller at ————." Defendant specially denied that it had ever approved said order, and averred that it disapproved the same as soon as its attention was called thereto, and that such disapproval was made known to plaintiff.

The cause was tried before a jury upon special issues. The answers of the jury are not shown by the record, but, as appellant has set out what it claims such answers were, and as no objection is made thereto by appellee, we shall assume them to be correct.

In answering the issues submitted, the jury found: First, that there was an order given by plaintiff to defendant for 500 barrels of flour at a price of $5.10 per barrel. Second, that defendant notified plaintiff on the 27th day of September, 1923, that it would not deliver the flour ordered. Third, that the market value of flour per barrel in Houston, Tex., on the 27th day of September, 1923, was $6.20.

The court submitted to the jury the question as to whether defendant confirmed the order for the flour, and in connection therewith gave the following instruction:

"In this connection you are charged that 'confirmation' may be by act of the defendant, or by its receiving the order and not taking action upon it within a reasonable time."

The jury, to such question, answered that defendant had confirmed said order.

Upon the answers of the jury to the issues submitted, the court rendered judgment for V. Lucia against the American Maid Flour Mills for the sum of $800. The flour mills has appealed.

As we view this case as made by the pleading and evidence, the only question presented by this appeal necessary to be decided is, was the contract sued on a contract of appellant, binding it to deliver the flour described therein? If it was not such contract, the judgment of the trial court should be reversed and judgment here rendered for appellant.

It is contended by appellant that there was no evidence to show that the contract sued upon was its contract, but, to the contrary, the undisputed evidence shows that the contract was not its contract; that it is shown on the face of the instrument sued on that it was not to become the contract of appellant unless and until confirmed by it; and that the undisputed evidence shows that appellant at no time confirmed the contract; and that it did, on the 27th day of September, 1923, shortly after its attention had been called to its existence, notify appellee that it disaffirmed the contract.

We think these contentions should be sustained. It is shown that appellant had in its employ one Charles J. Pucio, whose duty it was to solicit orders for appellant. He was furnished blank forms upon which he was to take such orders, and which, when filled out showing the goods ordered by the customer, were to be signed by the customer and by the solicitor in triplicate, one to be left with the customer and the other two to be sent to appellant. On the 27th day of August, 1923, Solicitor Pucio received from appellee Lucia an order, in manner and form as above indicated, for 500 barrels of flour. On the face of said order it was stated that the same was taken subject to the terms and conditions stated therein, and those printed on the back thereof, which were to be binding on both parties to the contract and which could not be modified except by the written consent of both parties, and that no verbal conditions, warrants, or modifications were to be valid. On the face of this order, immediately above the signature of appellee, Lucia, there was the following provision: "This contract is subject to confirmation by the seller at ————."

Pucio, in effect, testified that he had no authority to make a binding contract for the sale of flour, in that he stated that when he took Lucia's order he explained to Lucia that it was subject to confirmation by the proper officers of the mill, and called his attention to the recital that "this contract is subject to confirmation by the seller." Indeed, the order itself shows on its face that Pucio had no authority to make a binding contract for the sale of the flour, and that

the order taken was not to become a contract of the parties until confirmed by the Flour Mills.

[1, 2] Appellee Lucia makes no contention that the clause in the tentative contract, to the effect that it was subject to confirmation by seller, was concealed from him before or at the time of signing, or that any species of fraud was practiced upon him to get him to sign the same. He cannot be heard to say that his signing the contract containing the provision that it was not to be a contract of the proposed seller unless confirmed by it was a mistake on his part because he did not read or have the same read to him. To avoid the terms of a contract, plainly expressed therein, on the ground of mistake, such mistake must be shown to be mutual; it is not enough to avoid it that one party, in the absence of fraud, signed it believing it did not contain what was plainly expressed therein. H. & T. C. Ry. Co. v. Burnes (Tex. Civ. App.) 63 S. W. 1035; Fink v. Hollis, 38 Tex. Civ. App. 23, 85 S. W. 463. A mistake of fact to warrant a ground for equitable relief must not arise from want of proper care. Tardiff v. State, 23 Tex. 169, 172. Relief will not be given for mistake resulting from negligence of the party seeking relief. Garrett v. Burleson, 25 Tex. Supp. 41, 44; Robertson v. Smith, 11 Tex. 211, 60 Am. Dec. 234; San Antonio Nat. Bank v. McLane, 96 Tex. 48, 55, 70 S. W. 201; Hurt v. Wallace (Tex. Civ. App.) 49 S. W. 675.

Though a court of equity will relieve against mistake, it will not assist a man whose condition is attributable only to the want of due diligence which may be fairly expected from a reasonable person. Kerr on Fraud and Mistake, p. 407; H. & T. C. Ry. Co. v. Van Alstyne, 56 Tex. 439.

[3] It is a well recognized and applied principle of law that, if a person signs or accepts a written contract with full opportunity of informing himself as to its contents, he cannot avoid its terms on the ground that he was mistaken as to its contents, in the absence of fraud or misrepresentations. 1 Page on Contracts, § 130; Kansas, etc., Box Co. v. Spiers (Tex. Civ. App.) 109 S. W. 432; Womack v. Telegraph Co., 58 Tex. 176, 44 Am. Rep. 614; Williams v. Rand, 9 Tex. Civ. App. 631, 30 S. W. 509; 13 Corpus Juris, 277.

[4] It is the contention of appellee, Lucia, that the appellant flour mills should be held to have confirmed the order taken by its solicitor, Pucio, in that: (1) It held out Pucio as being authorized and empowered to enter into the contract by permitting him to take the written order from him, Lucia, and leaving a duplicate copy thereof with him; (2) that by custom and usual manner of dealings between appellant and appellee appellant had adopted the custom and manner of selling by confirming such contracts by delivery through its agent of a duplicate thereof to appellee, as was done in the present case, and that such delivery of the duplicate was and had been at all times treated as a confirmation of said contract by appellant; and (3) by not having, within a reasonable time after it had received the order, notified appellee that it would not confirm it, thus by its silence had, in law, confirmed the order and made it its contract.

These contentions, as we have, we think, already shown, should not be sustained. None of them are supported by any evidence, but, to the contrary, the instrument in question on its face clearly advises appellee that Pucio was not in the transaction pretending to have authority to bind appellant, for it clearly states that it was not to be a contract of appellant unless approved by it. So, then, if there was a confirmation of the contract, it must be by reason of silence on the part of appellant when it was its duty to notify appellee that it disaffirmed the same, or by reason of the custom alleged by appellee.

[5] There was no evidence to support a confirmation of the order by the alleged custom. The only evidence offered to show that such custom had existed was to the effect that appellee had ordered a small lot of flour from appellant by phone, and that said order was filled, and that appellee at one time, prior to the order involved in this suit, gave appellant a written order for a car of flour, and that such order was filled without any other manner of confirmation thereof by appellant. Such evidence, we think, falls far short of showing confirmation of the order by customary dealings between the parties.

[6] Answering the contention that appellant confirmed the order by reason of its failure to notify appellee that it would not approve the order, we will say that it is well settled that an order for goods given a salesman, whose authority is merely to take orders subject to confirmation by its employer, is in legal effect merely an offer or proposal to buy upon the terms mentioned in the order; that no contract arises until the order is confirmed by the employer. Silence does not amount to an acceptance. In support of this proposition we quote from the following authorities, as follows:

Gould v. Cates Chair Co., 147 Ala. 629, 41 So. 675:

"It is insisted that, the plaintiff having accepted and filled the previous order given to plaintiff's salesman and having held the last order from some time in the early part of September until November 12th, the plaintiff must be held to have accepted the order, and that it is estopped from urging nonacceptance. Estoppels must be mutual, or they are not effectual. As we have seen, there is no time, from the time such an order is received until it is accepted, that the person giving the order cannot countermand it. It is plain that mere silence on the part of the plaintiff, after receiving the order, without any act tending to show an acceptance, would not cut off the right of de-

fendant to countermand. If not, then it cannot, with show of reason, be insisted that silence alone should constitute an acceptance of the order on the part of the plaintiff."

Metzler v. Harry Kaufman Co., 32 App. D. C. 434:

' "Silence does not amount to acceptance. 'Mental assent,' as it has been termed, that is to say, coming to a determination in one's mind to accept, without communicating that assent, is insufficient."

See, also, Senner & Kaplan Co. v. Gera Mills, 185 App. Div. 562, 173 N. Y. S. 265, and 13 Corpus Juris, 76.

[7] It is unnecessary to pursue this discussion further, and we now come to the contention of appellee that appellant could not avail itself of the defense that the contract was not executed by it because it did not deny its execution under oath.

There is no merit in such contention. It is undisputed that appellant authorized its solicitor, Pucio, to solicit and submit to it for approval orders for its goods, as was done in the present case. Appellant has made no attempt to show that the order was not taken in manner and form as it was directed by it; that is, that it was taken as an order of appellee for goods, same to become its contract only in the event it should be accepted by it.

Having reached the conclusion that there was no evidence showing that appellant contracted to sell appellee flour as alleged by him, the judgment is reversed and judgment is here rendered for appellant.

Reversed and rendered.