Finding no error, the judgment of the trial court is affirmed.

## RATTLER v. STATE.

No. 25416.

Court of Criminal Appeals of Texas.

Oct. 24, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the penalty is a fine of $100.00.

The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment is affirmed.

## SPAIN v. FUSTON.

No. 15261.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 5, 1951.

Rehearing Denied Nov. 2, 1951.

Joe E. Gracey, of Breckenridge, and Morgan & Shropshire, of Fort Worth, for appellant.

Mays & Mays and Dave Miller, all of Fort Worth, for appellee.

RENFRO, Justice.

On November 8, 1950, appellee, Mrs. Betty Jeanne Fuston, a feme sole, conveyed by warranty deed to appellant, Juanita Spain, a feme sole, certain property in Tarrant County, Texas, the consideration reciting $1,250 cash in hand paid and the further consideration of the assumption and agreement to pay by the grantee the balance of $5,728.91 remaining unpaid as of November 1, 1950, on a certain promissory vendor's lien and deed of trust note in the original sum of $6,700, payable to the order of the Gulf Coast Investment Company of Houston, Texas.

The recited consideration was paid, the deed delivered to the grantee and by her duly recorded in the deed records of Tarrant County.

On January 17, 1951, appellee filed suit in the district court of Tarrant County against appellant, alleging that the total purchase price of the property was $7,750 and that the deed, through mistake of the scrivener or by mutual mistake on the part of appellee and appellant, did not express the true consideration and that appellant lacked $771.09 paying the true consideration. Judgment was entered for the appellee for said sum and the appellant has appealed to this court.

The facts are largely undisputed. According to the appellee's testimony, she requested her banker to assist her in selling her property. The banker agreed to list the property with one Jones, a real estate dealer who was a customer of the bank. At that time appellee was not sure how much was due on the note held by Gulf Coast Investment Company, but thought she owed about $6,500 and this information was conveyed by the banker to the real estate agent.

On November 3, 1950, appellee and appellant signed a contract in which appellant agreed to purchase the property, the pertinent provisions of said contract being: "the purchase price is $7750, payable as follows: $1250 cash and assume the loan now on the property." The contract was "subject to the approval of appellant's father."

On the day preceding the execution of the warranty deed, appellee's real estate agent informed appellant that the balance on the vendor's lien amounted to $5,728.91, whereupon she agreed to pay $1,250 cash for appellee's equity, of which amount $100 had already been paid to the agent, and assume the balance due on the vendor's lien note.

Appellant, appellee and the agent met in the office of an attorney selected by the real estate agent on the 8th day of November. The deed had already been prepared and the three parties above named read the deed prior to entering the attorney's office. The agent stated to both parties that usually there was more owing on a vendor's lien note than the parties contemplated, but that, in this instance, less was owing than contemplated; that $5,728.91 was owing on the note and appellant would assume such amount and appellee would receive $1,250 for her equity. Appellee admits that she read the deed and saw the figures named therein and that the agent made the state-

ment referred to above. Subsequently the three entered the attorney's office and the attorney explained the deed to both appellee and appellant and appellee admits that it was so explained by the attorney. The attorney also presented the parties with what is termed a closing sheet showing the cash consideration to be $1,250.

The appellee did not plead fraud, misrepresentation, misconduct or concealment on the part of anyone and did not attempt to offer any such proof. She relied solely upon the allegation of the scrivener's mistake or mutual mistake of appellee and appellant. That the attorney did not make a mistake is undisputed for he prepared the deed exactly as he was requested to by appellee's agent. So appellee must rely solely upon mutual mistake if her judgment is to be upheld.

All contracts prior to the execution of a deed are presumed to have been merged in the deed which expresses all the agreements of the parties. Harper v. Lott Town & Improvement Co., Tex.Com.App., 228 S.W. 188; Eldora Oil Co. v. Thompson, Tex.Com.App., 244 S.W. 505; Baker v. Baker, Tex.Civ.App., 207 S.W.2d 244, refused, n. r. e. It is not enough to avoid a contract that one party signed it believing it did not contain what was plainly expressed therein. Detroit Steel Products Co. v. Houston Printing Co., Tex.Civ.App., 202 S.W. 984.

The contract of sale offered in evidence by the appellee never became effective, for it states on its face that it was subject to the approval of appellant's father and there is no evidence that he ever approved the contract. The evidence was that appellant's father did not approve of her paying more than $7,000 for the property. Even if the contract were effective, it was merged in the subsequent warranty deed and to avoid the terms of the deed, plainly expressed therein, on the ground of mistake, such mistake must be shown to be mutual. American Maid Flour Mills v. Lucia, Tex. Civ.App., 285 S.W. 641; Houston & T. Cent. Ry. Co. v. Burns, Tex.Civ.App., 63 S.W. 1035; Finks v. Hollis, 38 Tex.Civ. App. 23, 85 S.W. 463.

There is no evidence of fraud and there is no evidence that appellant withheld any information from appellee or misled her in any way. It is undisputed that appellee's agent informed appellant that appellee had agreed to accept $1,250 cash for her equity in the property. Although appellee denies that she had agreed to this, neither she nor any of her agents said anything to appellant to the contrary. When appellant paid the cash consideration and assumed the loan outstanding on the property, she was doing exactly what she had agreed with appellee's agent to do.

The deed plainly recites a consideration of $1,250 cash and the assumption of $5,728.91. The deed having been read to appellee and she having read it, she cannot now claim that she was ignorant or mistaken as to the contents thereof. Wells et ux. v. Burroughs et al., Tex.Civ.App., 65 S.W.2d 396.

Appellee in her brief takes the position that she "stood inexperienced, alone and unadvised among strangers." The uncontradicted evidence shows that she went to her banker, who, at her request, employed a real estate agent to make the sale and that her agent in turn employed the attorney. She paid the sales commission and the attorney's fee. They all represented her and there is no evidence that any of the three failed in any duty to her. On the contrary, the real estate agent and the attorney, according to the appellee's own testimony, were exceedingly careful to see that she read the deed and to explain it to her.

The evidence is undisputed that appellant never agreed to pay more than $1,250 cash and assume the outstanding loan against the property. There is no evidence of mutual mistake. The judgment cannot be sustained. Since there was no pleading or proof of any fraud, concealment, misrepresentation, or any other theory upon which the judgment can be supported, the judgment of the trial court is hereby reversed and judgment rendered herein that appellee take nothing.

Reversed and rendered.